FERDINAND MEIERJURGEN, APPELLEE, V. CITY OF LINCOLN, APPELLANT.

273 N. W. 804

FILED JUNE 11, 1937. No. 30123.

*Loren H. Laughlin* and *George A. Piper*, for appellant.

*Lloyd E. Chapman, contra.*

Heard before Goss, C. J., Rose, Good, Eberly, Day and Carter, JJ.

Day, J.

Meierjurgen seeks compensation for total disability arising from an injury he claims to have received while employed by the city of Lincoln in its parks. The city appeals from a judgment under the compensation law. The only question presented is one of fact, whether or not the disability results from an injury to the workman.

Meierjurgen claims the injury occurred on September 9,

1935, at which time he was helping to load a truck and move some benches from one park to another. He says that in lifting one of the benches he strained his back. He states that he complained immediately to his fellow workmen, who deny that any complaint was made at that time. The employee worked for two or three days, when he complained to his superior and was taken to a doctor for the city. He received medical attention from this physician for a period of three or four weeks during which time he became worse. Another physician then cared for him. After X-ray pictures were taken he was hospitalized for about ten days. While he was in the hospital a body cast was put on which he wore for about six weeks, when it was taken off because it hurt him so much. Afterwards a body brace was worn for some months. This could be taken off for a half day at a time to relieve him. He was later put in Bryan Memorial Hospital by the city's physician, where heat was applied. As a part of the treatment all this time serum was injected in his arm at intervals. The city assumed the obligation of all medical expenses from September 9, 1935, to July 2, 1936, and, in addition, paid the amount required by the law during that time as compensation.

It is not questioned that the plaintiff is in a serious physical condition and that he is unable to work as he was prior to September 9, 1935. The only difference of opinion is among the expert witnesses as to the cause of the disability. An expert witness testified for the plaintiff that his present physical condition was due to the injury which he received on September 9, 1935. An expert witness testifying for the city is of the opinion that the condition as disclosed by the X-ray pictures was not so caused, though it may have been aggravated by an injury. Another expert witness for the city is of the positive opinion that the injury claimed by plaintiff was not and could not be the cause of the condition or of the disability.

There are other surrounding circumstances which must be considered in connection with the testimony of the ex-

perts. There is no claim that the plaintiff is a malingerer. He had not been ill or injured for many years. He worked two or three days after the injury and has been unable to work since. Upon a consideration of all the evidence in the record, of which only a brief outline has been given here, we are of the opinion that the evidence supports the finding of the trial judge.

In view of this finding, it is not necessary to consider the effect of chapter 57, Laws 1935, which provides among other things that the judgment of a district court in a compensation case may not be set aside or modified unless it appears "that the findings of fact are not conclusively supported by the evidence as disclosed by the record, and if so found, the cause shall be considered *de novo* upon the record." The court does not find it necessary to modify or set aside the judgment in this case.

AFFIRMED.