GRACE PERKINS, ALSO KNOWN AS GRACE PETERSEN, AP-
PELLEE, V. LEO YOUNG, DOING BUSINESS AS LEO'S CAFE, AP-
PELLANT.

274 N. W. 596

FILED JULY 16, 1937. NO. 30172.

*Weaver & Giller*, for appellant.

*Lower & Sheehan* and *Maurice F. Langdon, contra*.

Heard before GOSS, C. J., GOOD, EBERLY, DAY and PAINE,
JJ., and SPEAR and KROGER, District Judges.

DAY, J.

This is a workmen's compensation case. Leo Young oper-
ated a restaurant at 1304 Douglas street, Omaha, Ne-
braska, in which Grace Perkins claims she was injured
while employed as a waitress on August 13, 1936. A mem-
ber of the compensation court, after a hearing, made an
award which was approved upon a rehearing before the
entire court. An appeal was taken to the district court
where an award was also made in favor of the claimant.
This is an appeal from that judgment.

The judgment, argues the appellant, must be reversed,
for one reason, that the action was not brought in the name
of the real party in interest. This action was brought in
the name of Grace Petersen, and an award was made to
her under this name. During the rehearing, it developed
that her real name was Grace Perkins. She was employed
under the name of Grace Petersen and was known to many
people at the time by that name. When it became apparent
at the hearing before the compensation court that her real

name was Grace Perkins, she asked and was given leave to amend her petition by setting out her real name. No formal amended petition was ever filed, but thereafter the pleadings and orders designated her as Grace Perkins, also known as Grace Petersen. The plaintiff was entitled to amend her petition to conform to the proof. A pleading may be amended to state the correct name by order of court to conform to the evidence. Comp. St. 1929, sec. 20-847.

The petition was ordered amended in this case, and thereafter the case was tried upon the theory that it was so amended. It was not a material issue in this case as to the real name of the plaintiff. The issue was whether the plaintiff was injured in the course of her employment in the defendant's restaurant. There is no claim that she was not employed there.

The sufficiency of the notice of injury to the employer is challenged. A written notice was not given as provided by section 48-133, Comp. St. 1929. But the lack of a written notice is not a bar to proceedings under the workmen's compensation act if the employer has notice or knowledge of the injury. The act itself provides that a written notice shall not be necessary under such circumstances. The circumstances in the case at bar are that two witnesses upon two different occasions the following day notified the employer of the plaintiff's injury. It was a significant circumstance that the proceeding under the workmen's compensation law was filed September 30, 1936, while the plaintiff was injured August 13 of the same year. The proceeding was started within seven weeks of the date of the injury. This of itself constitutes sufficient notice to the employer of the injury and comes within the time limit required by the statute.

It is said by the appellant that the plaintiff has not sustained the burden of proof. The plaintiff claims to have been injured by slipping on some grease between the part that was used as a dining-room and the part that was used as a kitchen in the café. She claims it occurred after 10

o'clock at night and that she worked until 12. It seems that the only other employee present at the time was the cook, and that he did not know about the accident. Three customers testified that they did not know the plaintiff was injured. The plaintiff claims to.have been injured by slipping and twisting her ankle and leg, and that as a result thereof an abscess formed which caused her disability. When she left the café at 12 o'clock, there is evidence that she was limping, and that two of her friends were waiting for her and assisted her into the car, took her directly home, and put her to bed. There are medical experts that testified that she had a bad abscess on her leg which was caused by a bruise. There is no question as to her subsequent disability. The evidence thus outlined is sufficient to sustain the burden of proof that the plaintiff was injured in the course of her employment and disabled thereby.

The defendant, owner of the restaurant, has contested the claim for compensation ever since the request for an award was filed with the compensation commission. The compensation commissioner made an award, as did also the compensation court upon rehearing, which was affirmed by the district court, which in turn is affirmed by this court. The award was substantially "up to and including the 29th day of January, 1937, a period of twenty-four weeks and one day, as and for her temporary total disability." Proper attorney's fees have been allowed up to date. There being no reduction of the judgment, attorney's fees will be allowed under section 48-125, Comp. St. 1929. The judgment of the district court is in no manner reduced in this court, and an additional allowance of $50 for attorney's fees is allowed the plaintiff's attorney for services in this court.

AFFIRMED.