JOHN F. WEBB, APPELLANT, V. CONSUMERS COOPERATIVE ASSOCIATION, A CORPORATION, ET AL., APPELLEES.

107 N. W. 2d 737

Filed February 24, 1961. No. 34871.

*Wright & Simmons* and *Robert M. Harris,* for appellant.

*Lovell & Raymond,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, WENKE, SPENCER, and BOSLAUGH, JJ.

CARTER, J.

This is an action to recover benefits under the Workmen's Compensation Act. The trial court denied a recovery and plaintiff has appealed to this court.

Plaintiff filed his petition with the compensation court on April 16, 1959. The case was heard by a single judge of that court and an award entered. A hearing was had before the court sitting en banc and an award entered. An appeal was taken to the district court. The district court held that the findings of the compensation court were not sufficient to sustain an award, and reversed the award and remanded the cause to the compensation court for further proceedings. The plaintiff thereupon appealed to this court.

The evidence shows that plaintiff was employed by Consumers Cooperative Association as a mechanic in July 1950. On December 8, 1956, while engaged in balancing the wheels of a tractor, a tractor weight weighing approximately 300 pounds struck him in his midsection and pinned him against a wall, causing sharp pains in his low back. He continued to work with considerable pain until the week following, when he con-

sulted Dr. T. E. Riddell with reference to it. Dr. Riddell took X-rays and prescribed heat therapy. The injury was diagnosed by Dr. Riddell as a lumbo-sacral sprain with lacerations of ligaments about the lumbo-sacral joint. This treatment was continued for a few weeks, at the end of which time he returned to his employment.

On February 21, 1957, the plaintiff reinjured his back while picking up heavy materials during his employment. He went to Dr. Riddell and was treated at that time. He was placed in a hospital for 2 weeks. While in the hospital he was placed in traction and heat therapy was administered. After his release from the hospital in March 1957 he remained at home for an additional 2 weeks and then returned to his employment. During this period he was paid compensation from March 3 to April 1, 1957. His hospital and medical expenses in the amounts of $227.30 and $361.50 respectively were paid by the defendant insurance company. On September 17, 1957, he again wrenched his back while working under a truck, and was again treated by Dr. Riddell. In August 1958, while replacing a transmission in a truck by the use of a jack, he again injured his back and was again treated by Dr. Riddell. The evidence shows that these injuries were sustained while performing the usual duties of his employment and that they were not accidents within the meaning of the workmen's compensation law.

The evidence shows that plaintiff, following the August 1958 episode, placed himself under the care of Dr. Riddell on September 22, 1958. The latter took X-rays, administered heat therapy, and on October 21, 1958, placed him in traction in a hospital. On October 29, 1958, he was released from the hospital. After the August 1958 incident plaintiff for the first time complained of leg pains. Due to this, Dr. Riddell for the first time concluded that plaintiff was suffering from a herniated disk in the lower back. He thereupon re-

ferred plaintiff to Dr. Charles G. Freed of Denver, Colorado, a specialist in neurological surgery. Dr. Freed took X-rays and made a complete examination of the plaintiff. He was unable to determine with certainty the cause of plaintiff's disability, but believed it to be a herniated disk which he was able to confirm by surgery. On November 11, 1958, Dr. Samuel P. Newman, an crthopedic surgeon of Denver, Colorado, and Dr. Freed operated on plaintiff's back, which operation confirmed their belief that plaintiff was suffering from a herniated disk. Plaintiff was placed in a cast and sent home on November 26, 1958. On his return home he was placed in a hospital by Dr. Riddell, where he remained until January 15, 1959. He remained in the cast until January 15, 1959, after which he was fitted with a back brace. Dr. Freed saw plaintiff in May 1959 and determined that a recovery had taken place except for a partial permanent disability resulting from the fusing of the vertebrae.

The defendants contend that the claim is barred by section 48-137, R. R. S. 1943, in that a claim was not filed with the compensation court within 1 year after the last payment of compensation and expenses. The plaintiff asserts that the permanent nature of the disability was latent and that the statute applies from the time the employee acquired knowledge of the true character of the injury.

It is fundamental that a causal connection must be shown between an accident suffered by the claimant and the cause of his disability. McCauley v. Harris, 164 Neb. 216, 82 N. W. 2d 30. Whether or not there was a causal connection between the accident of December 8, 1956, and the herniated disk discovered on November 11, 1958, must be determined from the evidence of the medical experts who testified in the case. On this subject Dr. Newman testified: "My opinion is that the initiating cause goes back to December of 1956. The subsequent ones were aggravating contributions." Dr.

Freed testified that in his opinion the injury of December 8, 1956, was such that it could cause the herniated disk and he found nothing else that would account for the condition besides the injury. Dr. Riddell testified that in his opinion the injury in August 1958 was the precipitating cause of the herniated disk, that the accident of December 8, 1956, was when plaintiff first injured his back, and that he had a succession of injuries that might have precipitated the condition of the one in September 1958. The defendants offered no evidence on the subject of causal connection or the want thereof. The foregoing evidence sustains a finding that the accident of December 8, 1956, was the initial cause of the back injury and that subsequent injuries were aggravating contributions to the ultimate development of the herniated disk that led to surgery. It seems clear from the record that the ultimate disability was not known to the employee until November 1958, and that the medical experts did not find or suspect a herniated disk condition prior to October 1958. Under such circumstances the claimant is within the statutory period in filing his claim on April 16, 1959.

The rule as to latent disease or disability is as follows: "An employee, sustaining an accidental injury arising out of and in the course of his employment, will not be denied compensation for failure to give notice of claim within six months or to commence his action within one year from the date of the accident, when it appears from the evidence that the injury was latent and did not result in compensable disability until after the expiration of the time for giving notice of claim and commencing action, provided notice is given and action commenced within the statutory period after the employee has knowledge that the accident has caused a compensable disability." McCoy v. Gooch Milling & Elevator Co., 156 Neb. 95, 54 N. W. 2d 373. See, also, Plambeck v. Natkin & Co., *post* p. 774, 107 N. W. 2d 734, wherein the cases on this subject have been col-

lected. The claimant has established his claim to compensation.

The defendants contend that the finding of the compensation court that plaintiff is entitled to $3.85 per week for 271 6/7 weeks for 7 percent permanent partial disability to plaintiff's body as a whole is not sustained by the evidence. Four doctors gave their opinions as to the percentage of permanent partial disability as follows: Dr. Riddell, 5 percent; Dr. Newman, 7½ percent; Dr. Freed, 7 percent; and Dr. Heinke, 5 to 10 percent. The evidence supports a finding of 7 percent permanent partial disability to plaintiff's body as a whole.

Upon examination of the record de novo we arrive at the same conclusion as did the compensation court in its award under date of October 13, 1959. We adopt the award of that court as the conclusion of this court on the record before us. We reverse the judgment of the district court and remand the cause with directions to render a judgment for the plaintiff in conformity with the award of the compensation court sitting en banc under date of October 13, 1959.

REVERSED AND REMANDED WITH DIRECTIONS.