Emil A. Bame, Jr., appellant, v. Lipsett, Incorporated, et al., appellees.

111 N. W. 2d 380

Filed October 27, 1961. No. 35085.

*Olds & Reed,* for appellant.

*Frederick M. Deutsch* and *William I. Hagen,* for appellees.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Spencer, Boslaugh, and Brower, JJ.

Brower, J.

This is an action by the plaintiff and appellant Emil A. Bame to recover of the defendants and appellees Lipsett, Incorporated, and Employers Mutual Liability Insurance Company of Wisconsin, compensation under the Nebraska Workmen's Compensation Act for injuries alleged to have occurred growing out of an accident arising in the course of plaintiff's employment by defendant Lipsett, Incorporated.

Plaintiff filed his petition in the Nebraska Workmen's Compensation Court on November 28, 1960. Defendants filed therein an answer containing a general denial and alleging that more than a year had passed since the date of the pretended accident and more than a year had elapsed since the payment of any compensation or similar benefits. A trial was had and that court held that the cause was barred by the statute of limitations and dismissed the case.

Thereupon the plaintiff waived rehearing before the compensation court and filed his petition by way of appeal in the district court for Cedar County, Nebraska. The defendants demurred to the petition on the grounds that the petition failed to state a cause of action and that it showed on its face that any right of action was barred by the statute of limitations. The district court sustained the demurrer and dismissed the petition.

The plaintiff thereupon appealed to this court from the order sustaining the demurrer and dismissing the cause and therefore the matter is to be decided here on the record as disclosed by the transcript without a bill of exceptions.

The pertinent allegations of the petition filed in the district court are now set out and summarized. It alleged the accident occurred while plaintiff was driving a truck in the course of his employment by the defendant Lipsett, Incorporated, on March 12, 1957; that the injury incurred by this accident aggravated a prior injury of March 28, 1955, while working for the same

employer; and that for the injury of March 12, 1957, he was hospitalized over night and treated by one Dr. Clark F. Johnson. Plaintiff was off work for 1 week and returned to doing supervisory work until July 17, 1957, when surgery was performed for an injury to his neck. He did not work again until August 4, 1957. He again was hospitalized on November 9, 1958, prior to which time he had done supervisory work which did not require heavy lifting; that he was off work from November 1958, until April 1959. He was asked by defendants to travel to Sioux City, Iowa, from Yankton, South Dakota, to submit to an examination by Dr. Arch O'Donahue and in February 1959, made the trip but has failed to receive his expenses therefor.

The plaintiff alleged he first consulted an attorney, John F. Walsh, in November 1958, after defendants had failed to make payments of compensation, although the defendant Employers Mutual Insurance Company had paid $1,071.49, and other expenses of which plaintiff has no personal knowledge. The petition stated attorney Walsh was admitted to the Yankton State Hospital, Yankton, South Dakota, for a short period in the summer of 1959; and that on July 5, 1960, said attorney was declared mentally ill and committed to said hospital by the Board of Commissioners for the Mentally Ill. It is alleged that the attorney was not mentally competent to handle plaintiff's claim during the period. Subsequent to the time he consulted this attorney he first learned and was advised by his attending doctor that he now has a residual traumatic arthritic condition that was probably permanent. Plaintiff, after he learned the nature and extent of his injuries on or about September 1958, and, for the first time, that he had a compensable disability, made demands for payment of compensation upon the defendant employer. His demands were denied, except that the company paid certain medical and hospital bills incurred by plaintiff as to which no time or dates of payment were given. The rest of the peti-

tion sets out the expenses incurred by plaintiff, likewise without dates.

This petition it will be seen alleges that the plaintiff learned the nature and extent of his injuries and that he had a compensable disability on or about September 1958. This was more than a year after the injury. However, this court has held that: "An employee, sustaining accidental injury arising out of and in the course of his employment, will not be denied compensation for failure to give notice of claim within 6 months or to commence his action within 1 year from the date of the accident when it appears from the evidence that the injury was latent and did not result in compensable disability until after the expiration of the time for giving notice of claim and commencing action, provided notice is given and action commenced within the statutory period after the employee has knowledge that the accident has caused a compensable disability." Webb v. Consumers Cooperative Assn., 171 Neb. 758, 107 N. W. 2d 737. In this instance the action was not filed in the compensation court until November 28, 1960, more than 2 years thereafter. In case of a latent injury the employee, in order to avail himself of the benefits of the Workmen's Compensation Act, must commence action within the statutory period of 1 year after he has knowledge that the accident has caused a compensable injury.

If the claim of the plaintiff is treated as an action to recover additional compensation for an increased disability the same rule would apply. Scott v. State, 137 Neb. 348, 289 N. W. 367.

According to express terms of the statute, section 48-137, R. R. S. 1943, in case of payments of compensation having been made, the limitation shall not take effect until 1 year from the time of making the last payment. Hill v. Hinky-Dinky Stores Co., 133 Neb. 147, 274 N. W. 455. Though the petition alleged that certain payments of compensation and expenses had

been made, no dates of such payments are given. The only inference of the time of making such payments contained in the statement in the petition is that when "plaintiff first consulted an attorney, * * * in November of 1958 after the defendants had failed to make any payments of compensation, although the defendant, Employers Mutual Insurance Company, had paid medical expenses totaling $1,071.49, and other expenses of which plaintiff had no personal knowledge; * * *." The payments are referred to in the past tense and must have preceded the consultation 2 years prior to bringing action. A plaintiff employee in a workmen's compensation case who seeks to toll the statute of limitations contained in section 48-137, R. R. S. 1943, by payments made by an employer as therein provided, must affirmatively show in his petition that the payment was made within the space of 1 year from commencing action in order to state a cause of action as against a general demurrer. The necessary allegation is wholly lacking.

This court has held that the furnishing of medical services constitutes payment of compensation sufficient to toll the running of the statute. Gourley v. City of Grand Island, 168 Neb. 538, 96 N. W. 2d 309. The cited case is one where the city physician of the employer treated the plaintiff workman without charge. In the instant action the petition alleges that the plaintiff was requested to submit to examination by a doctor at Sioux City, Iowa, in February 1959, and that he made the trip and was examined but was never reimbursed his expenses incurred in making the trip. This trip and examination were likewise more than a year before action was brought and could not toll the statute.

Finally, the petition alleged the employment of an attorney in November 1958, almost 2 years before bringing action; that the attorney was incapacitated and was first admitted to the Yankton State Hospital for observation in the summer of 1959 and later was declared mentally ill and committed as such on July 5, 1960. The

plaintiff's petition alleged the attorney was not mentally competent or capable of handling plaintiff's claim which was unknown to plaintiff. Nothing is set out to show any diligence of the plaintiff in consulting or attempting to consult or keep in touch with this attorney. At any rate in Ray v. Sanitary Garbage Co., 134 Neb. 178, 278 N. W. 139, this court, in construing this Workmen's Compensation Act in regard to the statute of limitations, therein said: " 'Where a right has been created by statute which did not exist at the common law, the legislature may impose restrictions thereon, and the conditions so imposed qualify and are an integral part of the act and must be fully complied with in the manner therein prescribed.' " It further states: " 'Where no exception is provided by the statute, the requirement for the filing of a claim within a specified time applies to a minor dependent of an employee, whose failure to comply with the act precludes him from recovering compensation.' " It would appear that if minor defendants of a deceased employee are not excepted from the running of this statute, certainly the statute would run as against an employee who, while fully competent himself, placed his affairs in the hands of an incapacitated attorney.

There is no exception provided by the statute of limitations in section 48-137, R. R. S. 1943, of the Workmen's Compensation Act for the tolling thereof because of the incapacity of the employee's attorney and the courts can read none into it.

From an examination of the petition it appears that the action was barred by the statute of limitations when the petition was filed. Nothing has been alleged to show that the period of limitation had been tolled, which was incumbent on the plaintiff to show by proper allegations.

"A petition showing on its face that the cause of action stated therein is barred by the statute of limitations is subject to general demurrer." Dunlop Tire & Rubber Corp. v. Ryan, 171 Neb. 820, 108 N. W. 2d 84.

The judgment of the district court in sustaining the demurrer to the plaintiff's petition and dismissing the action was proper and is affirmed.

AFFIRMED.