OMAR L. SEYMOUR, APPELLANT, V. JOURNAL-STAR PRINTING COMPANY, A CORPORATION, ET AL., APPELLEES.

116 N. W. 2d 297

Filed July 6, 1962. No. 35222.

Robert V. Hoagland, for appellant.

Cline, Williams, Wright, Johnson, Oldfather & Thompson, for appellees.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ., and CHADDERDON, District Judge.

YEAGER, J.

This is an action originally instituted by Omar L.

Seymour, plaintiff and appellant, in the Nebraska Workmen's Compensation Court, against the Journal-Star Printing Company, a corporation, and Globe Indemnity Company, a corporation, defendants and appellees, to recover workmen's compensation and other benefits recoverable under the workmen's compensation law, on account of alleged injuries which the plaintiff asserts that he sustained which flowed from an accident which occurred while he was employed by the defendant Journal-Star Printing Company.

The action was tried in the workmen's compensation court in which court the judgment was in favor of defendants and against the plaintiff. An appeal was taken to the district court where a like judgment was rendered. From this judgment an appeal was taken to this court. By stipulation of the parties the case comes to this court for consideration on the transcript of the proceedings of the workmen's compensation court, which transcript it was stipulated should be treated here as a bill of exceptions.

It follows therefore that the case is to be considered de novo on the record which is the transcript referred to in the stipulation. The following appears in Feagins v. Carver, 162 Neb. 116, 75 N. W. 2d 379: "An appeal to this court in a workmen's compensation case is considered and determined de novo upon the record."

In Jones v. Yankee Hill Brick Manuf. Co., 161 Neb. 404, 73 N. W. 2d 394, this court set forth criteria to be regarded in the determination of whether or not an accident has been proved and a right of recovery has been established within the meaning of the workmen's compensation law, as follows:

"A compensable injury within the Workmen's Compensation Act is one caused by an accident arising out of and in the course of the employment.

"An accident within the Workmen's Compensation Act is an unexpected and unforeseen event happening

suddenly and violently and producing at the time objective symptoms of injury.

"In order to recover, the burden of proof is upon the claimant in a compensation case to establish by a preponderance of the evidence that personal injury was sustained by the employee by an accident arising out of and in the course of his employment.

"Mere exertion, which is no greater than that ordinarily incident to the employment, cannot of itself constitute an accident, and if combined with preexisting disease such exertion produces disability, it does not constitute a compensable accidental injury.

"An award of compensation under the Workmen's Compensation Act may not be based on possibilities, probabilities, or speculative evidence." See, also, Feagins v. Carver, *supra;* Murray v. National Gypsum Co., 160 Neb. 463, 70 N. W. 2d 394.

There are two major questions to be considered in this case. The first of these is that of whether or not the plaintiff has proved that he had an accident and a compensable injury within the meaning of the criteria set out.

The other is that of whether or not, if he did have such an accident and injury, he is barred of a recovery by lapse of time under limitations contained in the statute. These will be considered in the order stated.

For the further purposes of this opinion Seymour will be referred to as plaintiff and, since no reference to Globe Indemnity Company will be required in the discussion, when defendant is used the reference will be to the Journal-Star Printing Company.

The bill of exceptions contains no testimony adduced by the defendant. It follows of course that no testimony on behalf of the plaintiff was denied except as it stands denied by pleading. The insistence of the defendant is that the evidence of plaintiff falls short of proof by a preponderance, and particularly that he suffered an acci-

dent within the meaning of the workmen's compensation law.

In support of his claim the plaintiff testified that he was first employed by the defendant in June or July 1950, in work which was in part mental and in part physical; that this employment was continuous for about 6 years; that the physical part was extremely strenuous; that up to February 22, 1956, he was never off duty on account of back injury or difficulty; that at 7 p.m. his first job was to prepare and label sacks, placing the sacks on steel trucks at heights from 10 inches off the floor to shoulder high, and thereafter placing them on the dock for delivery to the terminal; that the sacks can weigh up to 100 pounds; that this is a daily operation and continues rapidly for from 1 to 1½ hours; that the work is heavier on 1 day of each week; that on this day he knew something happened and knew that he was uncomfortable, a fact which he communicated to two persons he worked with; that he did not know what happened, or when, whatever it was did happen; that he was aware of the feeling the rest of that night; that he continued his work until quitting time at 3:30 a.m.; that the next 2 days were days off and he also took the next 2 days off; that on Monday he consulted Dr. Roland F. Mueller who examined him, gave him a shot of fluid for muscle spasm, and prescribed physical therapy and a brace; that he was off work 7 or 8 days, after which he returned to work wearing the brace; that he reported the incident to the defendant; that he returned to work in March and continued to September 7, 1956; that he was wearing the brace at the time; that thereafter he worked for the Omaha World-Herald for 3 or 4 months in a similar capacity; that in 1957 he worked in this capacity at Denver; that during this entire period he was wearing the brace; that thereafter he continued to bear a brace; that during June of the year 1958, he came under the care of Dr. Philip E. Getscher; that physical therapy treatments were given in June and July, to which he

responded on a temporary basis but on discontinuance the symptoms would immediately return; that the true condition was revealed on December 10 or 11, 1959, and he went into surgery December 12, 1959; and that during the time from February 22, 1956, to June 1958, and thereafter, he to his own knowledge and belief suffered from what he said occurred on February 22, 1956.

One William D. Lehr, a fellow employee of the plaintiff, was called as a witness on his behalf. He gave the only testimony which appears in the record relating directly to the incident of the alleged accident. He testified only that Seymour complained that his back was hurt.

Dr. Roland F. Mueller testified as a witness on behalf of the plaintiff. This witness also, on January 16, 1960, made a report relating to the alleged accident, examination and treatment of the plaintiff, his diagnosis, his findings, and his opinion as to cause. This report is a part of the record, having been received without objection. To the extent of importance here this report and his testimony are in accord.

This testimony and this report disclose that on February 27, 1956, the witness examined the plaintiff at which time plaintiff related to him the incident which occurred on February 22, 1956; that he found considerable spasm present in the back muscles, some indication of slight nerve root radiation pain to the right side with slight difficulty in extending the right leg on the pelvis, and tenderness about the lumbosacral area of the back; that he advised moist heat, complete rest from work for several days, and physiotherapeutic treatment by massage and heat; that the physiotherapeutic treatment was continued from February 28, to March 3, 1956, inclusive; that on February 27, 1956, plaintiff was given an injection to relax muscle spasm; that he was advised to return to work on March 5, 1956; that he was also advised to have a back support fitted, which was done; that he was discharged on April 7, 1956, at which time

his back was almost normal although he was working with the back support; that the next time the witness saw him was on May 20, 1958, at which time he had a typical right sciatic nerve pressure syndrome, some loss of normal lumbar curve of the spine, there was only 50 percent of straight leg raising present, and reflexes were difficult to elicit; and that at that time it appeared that he had a disc syndrome with nerve root pressure.

This witness at this time informed the plaintiff as to the diagnosis of the condition which he found and directed him to Dr. Getscher, a specialist in the field of orthopedic surgery, who first examined him on June 7, 1958. In his testimony Dr. Mueller testified that, on the basis of the history given by the plaintiff, the injury was an "occupational injury," and that it was an accidental injury sustained "when he lifted that mail sack that he told me about."

Dr. Getscher testified as a witness in the case and, like Dr. Mueller, made a report which is a part of the record. Likewise, to the extent of importance here, it is in accord with his testimony. The report was made on March 7, 1960. The report in pertinent part contains a résumé of his testimony.

In the statement he pointed out that at the time the plaintiff became a patient of his he gave a history of what occurred on February 22, 1956, with information that he had been treated by Dr. Mueller and received moderate relief from pain in the lower back and in the right lower extremity, and he continued to have "periodic episodes of low back pain and sciatica on the right up until the time of my examination." In the statement it is pointed out that the first examination revealed that there was a ½ inch atrophy of the right thigh with muscle weakness and other infirmities not necessary to set out in detail here; that at this time the condition was tentatively diagnosed as a condition due to a ruptured intervertebral disc at the fifth lumbar interspace on the right side; that at that time it was recommended

that he receive additional physical therapy and intermittent traction to the lower back; that as a result of this treatment there was moderate improvement; that from the results of examinations made on November 30, 1959, and thereafter, plaintiff was caused to enter a hospital on December 11, 1959, where other studies were carried out which revealed a "herniated intervertebral disc at L5 on the right side"; and that on December 12, 1959, surgery was performed and the disc was removed. Recovery was very satisfactory and he was dismissed on December 20, 1959. This witness gave it as his opinion that after recovery from surgery the plaintiff would have a permanent disability of the body as a whole of approximately 10 to 15 percent.

From the evidence as summarized must flow the answer to the first question, namely, that of whether or not, within the definitions of law, the plaintiff has sufficiently proved by a preponderance of the evidence that he suffered an accident.

The rule that there must be proof of an accident is not satisfied by proof of probabilities or possibilities. It must, as has been pointed out, be established by competent evidence.

In this case there has been no evidence adduced in proof that, within the meaning of the workmen's compensation law, the plaintiff sustained an accidental injury. He is the only witness who gave testimony as to what occurred on February 22, 1956. The true effect of his testimony was to say that he did not know. He could say only that in the performance of the same kind of work performed in the same manner over a period of years he felt pain after which he lost a few days of time. There is no dispute about this.

It is true that two doctors testified on his behalf and gave it as their opinion that he suffered an accident. This however was based on history given them by the plaintiff which history was not different in any material respect from the evidence which came from the plaintiff.

It is urged that the testimony of the plaintiff satisfies the rules as to proof of an accident within the meaning of the decisions of this court. Reliance for this is placed on a comparison of the recitals here to the recitals contained in the opinion in Meierjurgen v. City of Lincoln, 132 Neb. 896, 273 N. W. 804.

If a comparison of these recitals could be said to have controlling significance, it could well be said that there is merit to the contention of the plaintiff in this respect. This however may not be done. The question of whether or not an accident had been proved was not, according to the opinion, presented there for determination. The opinion in that case makes this clear. It states: "The only question presented is one of fact, whether or not the disability results from an injury to the workman."

The plaintiff apparently seeks to avoid the operation of the legal rule to which reference has been made by, in substance, urging that the defendant, having adduced no evidence, may not be heard to assert that an accident was not proved. He relies on a rule stated in Orchard & Wilhelm Co. v. Petersen, 127 Neb. 476, 256 N. W. 37, as follows: "In action under compensation law, report of an injury to employee made by employer to the compensation commissioner may be introduced in evidence as an admission against interest of the employer, as to how, when and where the injury occurred, and, in the absence of other evidence, may be sufficient to make a prima facie case for claimant." In the case here the record discloses that the defendant, a short time after February 22, 1956, did so report and pay a small amount of compensation and another amount for medical services.

In the opinion however it is stated: "We think it may be conceded that such a report, in this state, may be sufficient to make a prima facie case, and, if there were no other evidence upon the subject, such a report may be sufficient to sustain a finding for the claimant. However, in this case, there is other evidence which tends to

discredit the facts recited in the report.".

In the case here there was a denial of an accident and the evidence of the plaintiff was, within the controlling principles, insufficient as proof of an accident, and for this reason it must be said that the district court properly decided that the plaintiff was not entitled to an award of workmen's compensation.

In any event this rule, in the light of other matters of controlling significance which are pointed out herein, is of no moment in the determination of this case. Further the rule does not appear to be based on a sound approach to a consideration of the probative value of evidence, in consequence of which it ought, for the future, to be rejected. It is therefore overruled.

If it should be said that the plaintiff had proved an accident, there is another and controlling basis for denying any obligation. The reason is that, assuming that an accident and injuries were proved, notice of an accident and commencement of action did not occur within the limits of time provided by statute.

This case is controlled by sections 48-133 and 48-137, R. R. S. 1943. The sections were amended in 1961 by what is now referred to as sections 48-133 and 48-137, R. S. Supp., 1961, but the amendment requires no further reference here. By section 48-133, R. R. S. 1943, it is provided, in particulars applicable here, that the plaintiff could not maintain an action for compensation unless the plaintiff gave notice in writing as soon as practical after the accident, and unless a claim for compensation was made within 6 months.

By the decisions of this court it is held that if the employer had actual notice of the accident notice provided for by the statute was not required. See, Perkins v. Young, 133 Neb. 234, 274 N. W. 596; Krajeski v. Beem, 157 Neb. 586, 60 N. W. 2d 651.

The uniform holding of this court is that the failure to give notice of claim for compensation within 6 months is not a defense if the employee's accidental injury is

latent and progressive, and cannot with reasonable certainty be recognized at first as compensable. The applicable rule is that notice of claim given within 6 months from the time the employee acquires knowledge of a compensable disability as a result of the accident is sufficient under the statute. See, Flesch v. Phillips Petroleum Co., 124 Neb. 1, 244 N. W. 925; McCoy v. Gooch Milling & Elevator Co., 156 Neb. 95, 54 N. W. 2d 373; Webb v. Consumers Cooperative Assn., 171 Neb. 758, 107 N. W. 2d 737; Plambeck v. Natkin & Co., 171 Neb. 774, 107 N. W. 2d 734.

By section 48-137, R. R. S. 1943, it is provided that in case of personal injury, all claims for compensation shall be forever barred unless, within 1 year after an accident, the parties shall have agreed upon the compensation payable under the act, or unless, within 1 year after the accident, one of the parties shall have filed a petition for the purpose of having a claim for compensation adjudicated by the workmen's compensation court.

The limitation of this provision does not become applicable and under it compensation will not be denied if the injury was latent and did not result in compensable disability until after the time for commencing action, but it does become applicable after the expiration of 1 year from the time the employee has knowledge that the accident has caused a compensable disability. See, Plambeck v. Natkin & Co., supra; Webb v. Consumers Cooperative Assn., supra.

As has been pointed out the alleged accident with injury occurred on February 22, 1956. From the evidence it appears that the defendant had early notice of it. There must have been a claim for compensation within 6 months since compensation in the amount of $17.14 was paid on April 11, 1956, and $71 was paid on account of the occurrence not later than May 2, 1956. There is no other evidence of contact of the plaintiff or anyone on his behalf with anyone representing the defendant until this action was commenced in the

workmen's compensation court on April 25, 1960, and particularly there was no notice of injury and no claim for compensation.

The plaintiff was under the observation and treatment of Dr. Mueller from February 27, 1956, through April 7, 1956, on account of a strained back, considerable spasm of back muscles, slight nerve root radiation pain, and tenderness in the lumbosacral area, which according to the history recited by the doctor flowed from lifting a mail sack. It is apparent that the information as to his condition was made known to the plaintiff by the doctor. The plaintiff continued to work thereafter, for a time for the defendant, and then for other employers, until May 20, 1958, when he again consulted Dr. Mueller. In the interim he had continued to use a brace for his back. At no time during this period did the plaintiff make claim for or commence action to recover further compensation.

On May 20, 1958, when the plaintiff again consulted Dr. Mueller the doctor found a typical sciatic nerve pressure syndrome and some loss of lumbar curve of the spine with only 50 percent of leg-raising ability. At that time Dr. Mueller referred him to Dr. Getscher for orthopedic consultation.

On June 7, 1958, based on examination and history, Dr. Getscher diagnosed the condition substantially as it had been diagnosed by Dr. Mueller in 1956, except that he made a finding that there was a ruptured or herniated intervertebral disc. This examination and diagnosis was followed by the application of hot packs, massage, intermittent traction, and physical therapy. On December 12, 1959, an operation was performed and a herniated disc was found and removed. There was no evidence of other findings of disability except that attending the herniated disc.

The plaintiff continued to work obviously with knowledge of the diagnosis of Dr. Getscher made in June of

1958, without making claim or commencing action until April 25, 1960.

The date of the alleged accident and injury is certain and it is also certain that no notice of any kind or character was given prior to April 25, 1960. There may be some doubt as to whether or not the claimed condition was, within the meaning of law, latent up to June 7, 1958. There can however be no doubt about this after that date. The plaintiff's doctor and the plaintiff himself were informed from that time on that he was suffering from the results of a herniated disc which, if it flowed from an accident, was a compensable injury, but the plaintiff took no steps by notice or action until more than 1 year after the acquisition of that knowledge.

The plaintiff urges in substance that the bar of the statute as applied under the rule does not become effective until the total of the condition becomes known. This is not a correct interpretation of the law. Knowledge that there is a compensable disability, and not the full extent thereof, is the thing which controls. See, Dryden v. Omaha Steel Works, 148 Neb. 1, 26 N. W. 2d 293; McCoy v. Gooch Milling & Elevator Co., *supra;* Bame v. Lipsett, Inc., 172 Neb. 623, 111 N. W. 2d 380.

Not having taken the action necessary to permit him to obtain workmen's compensation the plaintiff may not be allowed to recover in this action.

The judgment of the district court is affirmed.

AFFIRMED.