FREDERICK SCHWIEGER, APPELLANT, v. ISLAND SUPPLY COMPANY, APPELLEE.

134 N. W. 2d 233

Filed March 26, 1965. No. 35916.

Kelly & Kelly, for appellant.

Luebs, Elson, Tracy & Huebner and Jon F. Luebs, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SPENCER, J.

This is a workmen's compensation case involving two issues: First, whether or not plaintiff's petition stated a cause of action; and, second, whether or not plaintiff's claim for compensation was barred by the statute of limitations.

Plaintiff's petition has been dismissed after hearing at three previous stages. It was dismissed by the single judge of the Nebraska Workmen's Compensation Court who first heard it; by that court sitting en banc; and by the district court for Hall County. Plaintiff has perfected his appeal to this court.

Plaintiff allegedly hurt his back on June 16, 1959, when a fellow employee dropped his end of a 10-foot steel pipe which they were lifting. Plaintiff was off work for about 2 weeks, during which time he was treated by a chiropractor. He returned to his employment and worked until the first part of August 1959. Thereafter he was admitted to the hospital for a back difficulty. He resumed his employment again in December 1959, and worked until about the middle of January 1960, when he returned to the hospital for 3 weeks. He returned to his employment sometime in August 1960, and remained in defendant's employ until February 8, 1961.

Plaintiff was paid compensation for temporary total disability from August 7, 1959, to October 18, 1959, and for the period from January 20, 1960, to June 9, 1960. The medical and hospital bills incurred during this period were paid by defendant's compensation carrier.

Doctor Robert M. House, an orthopedic specialist to whom plaintiff was originally referred, was plaintiff's physician until January 1961. Plaintiff then consulted another doctor for about 3 weeks. On February 8, 1961, plaintiff went to the Mayo Clinic at Rochester, Minnesota, where a spinal fusion was performed. The day previous to going to Rochester he discussed the trip with his employer who wrote the following letter to the clinic:

"Mr. Frederick Schwieger is an employee of our Company.

"At the time of his injury, we were insured with Employers Mutual Liability Insurance Company of Wausau, 120 N 69, Omaha 32, Nebraska.

"If the bills are sent to us, we will forward them to the Company for payment."

Plaintiff returned to Grand Island March 3, 1961, but never thereafter resumed his employment.

About November 8, 1961, defendant's counsel orally requested one of plaintiff's counsel to have the plaintiff reexamined by Doctor Robert M. House to get an up-to-date evaluation report. On two or three occasions thereafter up to January 23, 1962, defendant's counsel inquired of plaintiff's counsel whether or not plaintiff had been reexamined. About January 25, 1962, defendant's counsel was informed by plaintiff's counsel that he had received a report from Doctor House. No copy of this report was furnished the defendant or the defendant's counsel until the hearing herein on August 8, 1963, and no discussion was ever had on the evaluation report. Doctor House's bill for the reevaluation examination of January 23, 1962, has never been paid, nor has the Mayo Clinic bill incurred by the plaintiff in February 1961, ever been paid. The defendant's compensation carrier has paid no compensation since June 9, 1960, and no medical or hospital bill since May 10, 1961.

On June 3, 1961, plaintiff, who then was represented by his present counsel, wrote to the Nebraska Workmen's Compensation Court to inquire about workmen's compensation benefits and about getting his employer's compensation carrier to pay his medical bills at the Mayo Clinic. The presiding judge replied to his letter on June 8, 1961, advised him that he was entitled to a hearing to determine his rights if he wished to file a petition, and enclosed some blank petition forms to be completed and filed. Plaintiff's petition was not filed until May 21, 1963, or almost 2 years later. Plaintiff has

been drawing Social Security for total disability since the latter part of March 1962, or more than 1 year previous to the filing of the petition herein.

Section 48-137, R. R. S. 1943, provides as follows: "In case of personal injury, all claims for compensation shall be forever barred unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this act, or unless, within one year after the accident, one of the parties shall have filed a petition as provided in section 48-173. In case of death, all claims for compensation shall be forever barred unless, within one year after the death, the parties shall have agreed upon the compensation under this act, or unless within one year after the death, one of the parties shall have filed a petition as provided in section 48-173. Where, however, payments of compensation have been made in any case, such limitation shall not take effect until the expiration of one year from the time of the making of the last payment. In the event of legal disability of an injured employee such limitation shall not take effect until the expiration of one year from the time of removal of such legal disability."

In Bame v. Lipsett, Inc., 172 Neb. 623, 111 N. W. 2d 380, we held: "A plaintiff employee in a workmen's compensation case who seeks to toll the statute of limitations contained in section 48-137, R. R. S. 1943, by payments made by an employer as therein provided, must affirmatively show in his petition that the payment was made within the space of 1 year from commencing action in order to state a cause of action as against a general demurrer."

Does plaintiff's petition state a cause of action? The petition was filed May 21, 1963, and bears a filing stamp showing that date. The accident happened June 16, 1959. There is an allegation that defendant paid compensation up to and including June 5, 1960, but since that date has refused to make payments. There is an allegation that some of plaintiff's medical bills have been

paid by defendant and some have not. There is the further allegation that in January 1962, the plaintiff had a reevaluation made of his condition at the special insistence and request of the defendant. Under no construction of section 48-137, R. R. S. 1943, as applied to the allegations of the petition could the period for filing a petition be extended beyond January 1963. It is evident, therefore, that the petition on its face fails to state a cause of action because it shows it was not brought within the period required by section 48-137, R. R. S. 1943.

In Baade v. Omaha Flour Mills Co., 118 Neb. 445, 225 N. W. 117, we held: "Where an employer furnishes medical, surgical, and hospital services to an employee, * * * the payments therefor constitute payment of compensation within the meaning of the employers' liability act."

Where an employee who suffered an accident arising out of and in the course of his employment requests and receives medical services and medicines furnished by the employer, it constitutes the receipt of compensation within the meaning of the Workmen's Compensation Act. See, Gourley v. City of Grand Island, 168 Neb. 538, 96 N. W. 2d 309; Wengler v. Grosshans Lumber Co., 173 Neb. 839, 115 N. W. 2d 415.

Plaintiff seeks to avoid the operation of the statute on the theory that his employer has furnished medical, surgical, and hospital services to him which constitute payment of compensation within the meaning of the Workmen's Compensation Act. The distinguishing characteristic between the cases cited above on which plaintiff relies and the instant case is that in those cases the services were furnished within 1 year before the filing of the petition. In the instant case, under the most favorable construction of the plaintiff's evidence, assuming that an examination for a reevaluation is medical service within the rule, a point we do not here decide, the last medical service plaintiff could possibly claim was fur-

nished to him by the defendant was on January 23, 1962. The petition was not filed until May 21, 1963, some 16 months thereafter.

While the point is not argued and no authorities are cited in the brief, plaintiff seems to imply that until payment is actually made for the medical services furnished plaintiff, the statute is tolled. He calls attention to the fact that the bills at the Mayo Clinic for services in February 1961, and for Doctor House for a reevaluation examination on January 23, 1962, have never been paid. We will assume for the purpose of discussion only that these were medical services furnished by the employer to the plaintiff.

To adopt plaintiff's premise would be an unwarranted extension of the statute. We have previously construed the words "payments of compensation" in section 48-137, R. R. S. 1943, to include all medical, surgical, and hospital expenses furnished to an employee. The exact wording of the statute is: "Where, however, payments of compensation *have been made in any case,* such limitation shall not take effect until the expiration of one year from the time of the making of the last payment." (Italics supplied.) To now hold that the statute is tolled not from the furnishing of such service but pending the payment of a bill which may never be paid would constitute judicial legislation rather than statutory construction.

While this precise point has not heretofore been directly presented to this court, it was involved in Bame v. Lipsett, Inc., 172 Neb. 623, 111 N. W. 2d 380. In that case plaintiff alleged that he was requested to submit to a medical examination in another city; that he made the trip and was examined; but he was never reimbursed for the expenses incurred in making the trip. In that case, which involved the statute of limitations, we said: "This trip and examination were likewise more than a year before action was brought and could not toll the statute."

We conclude that the judgment of the district court in affirming the dismissal on rehearing filed in the Nebraska Workmen's Compensation Court and dismissing plaintiff's petition on appeal was proper and should be affirmed.

AFFIRMED.