BARNEY L. MCGAHAN, APPELLANT, v. ST. FRANCIS HOSPITAL, A NONPROFIT CORPORATION, ET AL., APPELLEES.

263 N. W. 2d 845

Filed March 22, 1978. No. 41490.

John A. Wagoner, for appellant.

Cunningham, Blackburn, Von Seggern, Livingston & Francis, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

The plaintiff, a licensed physical therapist, was injured on the 28th day of May 1975, while in the employ of the defendant St. Francis Hospital. The plaintiff was lifting a patient to place him on a table and suffered an acute sprain to his dorsal spine. The plaintiff was hospitalized from May 30, 1975, to June 3, 1975. The hospital's compensation carrier paid the hospital, the treating physician, and the claimant for the period of temporary total disability. The plaintiff was hospitalized for a period of almost a week and released for work on June 24, 1975. The plaintiff returned to work and was discharged by the hospital on September 22, 1975, for inability to adequately perform his work. The last statement for medical services was submitted to the carrier and paid on July 18, 1975. After his release from the hospital and before and after his discharge from em-

ployment, the plaintiff continued to consult with his physician, Dr. Robert House, up to and including November 30, 1976, at which time Dr. House first determined there was a permanent disability partial in character to the plaintiff by reason of the injury of May 28, 1975. Plaintiff filed his action in the compensation court in December 1976. The one-judge compensation court found that the plaintiff's claim was barred by section 48-137, R. R. S. 1943, for the reason that the action was not filed within 1 year of the date in which the last statement for services or compensation was paid. Plaintiff appealed to the Workmen's Compensation Court en banc. The three-judge court affirmed the decision of the one-judge court. The plaintiff appeals. We affirm.

The plaintiff's evidence discloses that after release from hospital care, plaintiff suffered continuing episodes of pain and muscle spasms and, throughout the course of time from the release from the hospital, consulted Dr. House on a more or less regular basis. The statements for services by Dr. House were paid by the plaintiff and were not submitted to his former employer or the insurance carrier. Prescriptions for medication in excess of $700, prescribed by Dr. House and taken by the plaintiff, were paid for by the plaintiff. Again, the statement for such medication was not submitted either to the former employer or to its insurance carrier. The plaintiff seeks to excuse his failure to file an action within 1 year of the "expiration" from the time of the making of the last payment by suggesting that no determination had been made of the degree of disability if any; and that the time ought to have begun to run from November 30, 1976, the date on which the plaintiff's physician was first able to determine that a degree of permanent disability resulted from the injury of May 28, 1975.

"The time period for notice or claim does not begin to run until the claimant, as a reasonable man,

should recognize the nature, seriousness and probable compensable character of his injury or disease.'' 3 Larson, Workmen's Compensation Law, § 78.41, p. 15-65. We are conscious that in reviewing a decision of the Workmen's Compensation Court, its determination is entitled to the same force and effect as a verdict of a jury in a civil case and will not be upset where there is evidence in the record to sustain its findings. See Fite v. Ammco Tools, Inc., 199 Neb. 353, 258 N. W. 2d 922. With that in mind, we will consider the evidence offered by the plaintiff.

The plaintiff was a licensed physical therapist with college and hospital training. He was an employee of a hospital. The diagnosis was known to him. The compensable nature of the claim was known to the plaintiff because his hospital bills and medical bill were paid by the insurance carrier. A check for temporary total disability identified as such was presented to and accepted by the plaintiff.

The plaintiff's principal assertion as the reason why the statute of limitations should not be deemed to have commenced to run on the date of the last payment was the suggestion that the injury was latent. The condition as diagnosed during the hospitalization of plaintiff after the injury on May 28, 1975, is the same condition that was diagnosed by Dr. House on November 30, 1976, the difference being that after November 30, 1976, the physician attached a degree of permanent disability to the condition. The episode that forced the plaintiff to refrain from work at St. Francis Hospital recurred at periodic intervals throughout the period of time until the filing of the petition, differing apparently neither in degree nor in intensity from that originally suffered after the injury. In Ohnmacht v. Peter Kiewit Sons Co., 178 Neb. 741, 135 N. W. 2d 237, the plaintiff tripped and sprained an ankle on July 15, 1960. He received medical treatment until August 6, 1960, and was told there was no permanent injury. The medi-

cal expenses were paid by the compensation carrier. On one or two occasions in 1961, plaintiff was forced to leave work early because of pain in his ankle. Although the symptoms of disability were evident to plaintiff from the inception of the accident, plaintiff did not actually ascertain the extent of his permanent disability until May 1963 when an orthopedic surgeon estimated a 30 percent permanent partial disability to his left foot. Plaintiff filed suit in July 1963. This court said: "There can be no question that the plaintiff knew that he had a physical disability, and that it was due to his employment. It might be said that the mere fact that the plaintiff did not know the full extent of his injury from a medical standpoint does not make it latent, particularly where the medical facts were reasonably discoverable." The plaintiff's: "Knowledge that there is a compensable disability, and not the full extent thereof, is the thing which controls." Seymour v. Journal-Star Printing Co., 174 Neb. 150, 116 N. W. 2d 297. The evidence supports the holding of the three-judge compensation court that the plaintiff, as a reasonable man, recognized the nature, seriousness, and compensable character of his claim; and the fact that he did not know the full extent thereof is not a defense to a tolling of the statute of limitations where the action is not filed within 1 year of the last payment of compensation.

The judgment is affirmed.

AFFIRMED.