ERNEST C. BAADE, APPELLANT, V. OMAHA FLOUR MILLS COMPANY ET AL., APPELLEES.

FILED MAY 3, 1929. No. 26907.

*Waldron, Silverman & Newkirk,* for appellant.

*E. L. Murphy* and *Kennedy, Holland, DeLacy & McLaughlin, contra.*

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON and EBERLY, JJ., and REDICK and SHEPHERD, District Judges.

DEAN, J.

This action was appealed by Ernest C. Baade, plaintiff, from an order of the district court for Douglas county reversing an award of $15 a week, which the compensation commissioner, on September 29, 1928, ordered paid to plaintiff by the defendants, Omaha Flour Mills Company and its insurer, the London Guarantee & Accident Company, from August 8, 1928, until disability shall have ended, or until the further order of the compensation commissioner. The commissioner found, upon submission of the facts, that plaintiff was injured February 22, 1925, and that he had been paid compensation by the defendants from the date of the injury until May 3, 1926, at which time plaintiff returned to work. As a culmination of the above mentioned disability which arose from the accident, plaintiff was temporarily totally disabled from August 25, 1928, to and at the time of the trial. Through inadvertence, the award of the compensation commissioner made the period of disability date from August 8, 1928, instead of August 25, 1928, and plaintiff thereafter filed a remittitur for that period.

Plaintiff alleged that he "suffered a compound fracture of the fibula and tibia bones of the left leg, between the knee and the ankle, the broken surfaces of said bones being crushed and splintered," and that continuously from thence until May 3, 1926, he was totally disabled. He also alleged that, while under the care of his doctors, and upon their advice and that of the defendants, and though still suffering pain from his injuries, he returned to his work as an employee of the defendant. Afterward, however, when the cast and splints and supporting brace which he had worn, under the direction of his doctors, were removed it was impossible for him to perform any manual labor whatsoever.

The record shows that plaintiff, pursuant to the advice of his physicians, as noted above, were a heavy steel supporting brace, and by this means he was enabled to perform some work. And it also appears that plaintiff, under the direction of his employer's physician, did not release or

waive his right to compensation. From plaintiff's evidence the fact appears that, after he went back to work for the defendant company, he was under the doctor's professional care, and that he worked for the company continuously except for such time as he was allowed by his employer to be away to consult his physician during the day, and that nothing was said to him by any one representing the company about discontinuing medical treatments. He testified that the company, or its insurer, paid all the bills for his medical attention, and that only one statement was sent to him and this he turned over to the manager of the defendant company and heard nothing more about it. Subsequently plaintiff was informed by the doctor that his foot had to be straightened and it would be necessary to break a bone and reset it. Plaintiff filed his claim for compensation August 24, 1928, just before the operation, to which reference is hereinbefore made. At the time of the trial his leg was in a cast and he got about by the aid of crutches.

There is no controversy over defendant's liability for payment of compensation to plaintiff under the act in question prior to May 3, 1926. The main question here is whether plaintiff's claim for compensation from August 25, 1928, is barred under the statute of limitations applicable to actions brought under the workmen's compensation act. Defendants contend that he is barred from recovering compensation because more than a year had elapsed from the date of last payment of compensation before the filing by plaintiff for additional payments.

Section 3061, Comp. St. 1922, reads: "In case of personal injury, all claim for compensation shall be forever barred unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this act, or unless, within one year after the accident, one of the parties shall have filed a petition as provided in section 3680 (3062) hereof. * * * Where, however, payments of compensation have been made in any case, said limitation shall not take effect until the expiration of one year from the time of the making of the last payment."

Without going more into detail, we think the defendants by their conduct recognized liability, and this, in part, from the fact that their physician had not released plaintiff, and also because the expenses for medical and hospital services were paid by the defendant's insurance company almost up to the time that plaintiff filed his claim for compensation. The payments made by plaintiff's employers to his physician for hospital expenses and the like clearly constitute payments of compensation within the meaning of section 3061, Comp. St. 1922, above cited, which provides, *inter alia*, that "said limitation shall not take effect until the expiration of one year from the time of the making of the last payment." To substantially the same effect is the workmen's compensation act of Illinois. *Goodman Mfg. Co. v. Industrial Commission*, 316 Ill. 394; *Yellow Cab Co. v. Industrial Commission*, 315 Ill. 235, and the decisions thereunder.

This jurisdiction has repeatedly held that the workmen's compensation act "is one of general interest, not only to the workmen and his employer, but as well to the state, and it should be so construed that technical refinements of interpretation will not be permitted to defeat it." *Parson v. Murphy*, 101 Neb. 542; *McGuire v. Phelan-Shirley Co.*, 111 Neb. 609.

In a very recent case we said: "Where a party to an equity action in the district court files a motion for a new trial alleging errors of law occurring at the trial, he has three months after the overruling of said motion within which to file a transcript on appeal to this court." *Algermissen v. Crete Mills, ante*, p. 72.

In view of the facts and the law applicable thereto, we conclude that the judgment of the trial court must be and it hereby is reversed and the cause is remanded for further proceedings in accordance with law.

REVERSED.