In the Matter of the Claim of JOHN W. WASON, Respondent, against MOYER & PRATT, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 10, 1948.

*Tucker & Bisselle,* attorneys (*Warren C. Tucker* and *Morgan F. Bisselle,* of counsel), for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *Theodore M. Schwartz, Assistant Attorneys-General* of counsel), for Workmen's Compensation Board, respondent.

Foster, J. In this case the employer and its insurance carrier have appealed from a decision and award made to claimant by the Workmen's Compensation Board. The award covers 265⅕ weeks' compensation for an 85% loss of the use of the left arm, which is a schedule loss (Workmen's Compensation Law, § 15, subd. 3).

Claimant suffered an accidental injury on September 26, 1945, which necessitated an amputation of his left forearm seven inches below the tip of the olecranon process. The board has found that this resulted in an 85% permanent loss of the use of his left arm.

On November 30, 1941, the claimant, while working for the same employer, suffered accidental injuries which resulted in a

45% permanent loss of the use of his right hand. An award of compensation was made at the time for such disability.

On account of these double injuries appellants contend that their liability under the award appealed from should be limited to compensation payable for the first 104 weeks of disability, under paragraph (d) of subdivision 8 of section 15 of the Workmen's Compensation Law in effect at the time the last accident occurred. The pertinent part of the statute then provided: "(d) If an employee of an employer who has secured the payment of compensation as required under the provisions of section fifty of this chapter, *who has a total or partial loss or loss of use of one hand,* one arm, one foot, one leg or one eye, or who has other permanent physical impairment not resulting from a disease specified in article four-a of this chapter, incurs a subsequent disability by accident arising out of and in the course of his employment \* \* \*, *resulting in a permanent disability caused by both conditions that is materially and substantially greater than that which would have resulted from the subsequent injury* or occupational disease *alone,* the employer or his insurance carrier shall in the first instance pay all awards of compensation and all medical expense provided by this chapter, but such employer or his insurance carrier shall be reimbursed from the special disability fund created by this subdivision for all compensation and medical benefits subsequent to those payable for the first one hundred four weeks of disability." (Emphasis supplied.) (L. 1945, ch. 872.)

The board has found that the foregoing paragraph does not cover the present claim. It found that the 85% permanent loss of use of claimant's left arm was solely the result of the accident which occurred on September 26, 1945, and was not caused by or related to any previous defect. In its memorandum decision it gave this explanation as to why the paragraph quoted did not in its opinion apply to this case. " On review of the record, consideration of all facts and circumstances and on study of the law, the Board is of the opinion that carrier's position regarding the applicability of Section 15, subdivision 8, is non-tenable, as proof herein adduced indicates that the accident in the instant case and the results flowing therefrom, are sufficient in themselves to render the claimant permanently and partially disabled, despite the pre-existing unrelated permanent defect involving the right hand."

The Attorney-General, supporting the position taken by the board, argues in substance that appellants are not entitled to the limitation of liability provided for in paragraph (d) because

the schedule award is no greater than it would have been had there been no previous injury. In other words that appellants are not required to pay for a disability that is the result of both injuries, but only for the injury to the left arm, for which they would have been liable in any event had there been no former injury to claimant's right hand.

We find no such test or tests in the statute as indicated by the board or as contended for by the Attorney-General. It is obvious on the face of it that claimant with a partially crippled right hand and a partially crippled left arm now has a permanent disability caused by both conditions that is materially and substantially greater than that which would have resulted from the last injury alone. No amount of argument can alter this clearly established fact, and it fits in perfectly within the framework and apparent meaning of the language of the statute. Nothing therein contained requires that the subsequent disability must result from a further injury to the member previously injured in order to render the statute applicable. Nor is it provided, as the board has interpolated, that such application depends upon whether or not the latter injury is sufficient in itself to render the claimant permanently and partially disabled. It merely provides that the combined permanent disability must be materially and substantially greater than that which would have resulted from the last injury alone. Such is the case here.

The avowed purpose of the statute was to encourage the employment of physically handicapped persons, and to overcome the natural hesitancy on the part of employers to employ, or continue the employment, of those who were partially crippled. The method provided was to limit the liability of an employer should there be a subsequent disability by accident resulting in a permanent disability caused by both conditions that is greater than that which would have resulted from the last injury alone. Limitation of liability was not made dependent upon an award being made for the effects of combined disability. We think the purpose of the statute will be lost if the board's interpolation to that effect is accepted; and we are indeed doubtful if such an increased award could be made. Other parts of the statute strengthen this view.

For instance subdivision 7 of section 15 of the Workmen's Compensation Law provided in part: "however, that an employee who is suffering from a previous disability shall not receive compensation for a later injury in excess of the compensation allowed for such injury when considered by itself and

not in conjunction with the previous disability except as hereinafter provided in subdivision eight of this section."

Subdivision 8 however had only one paragraph, i.e., (c) which provided for additional compensation, except in death cases with which we are not now concerned, and then only in cases of permanent total disability after permanent partial disability. No provision was made in either paragraphs (c) or (d) for additional compensation in cases of permanent partial disability alone where a subsequent disability following a previous disability resulted in a permanent condition greater than that which would have resulted from the last injury alone. Thus, if we have read correctly the statute as it existed at the time of the accident, the board had no power in cases of permanent partial disability to make an award beyond the schedule loss attributable to the last injury. And, it follows, if the board's construction of the statute is to be accepted then no employer would be entitled to the limitation of liability provided for in paragraph (d) in cases of permanent partial disability. In view of the conceded purpose of the statute and the appropriate fitting which its language provides for the present case we think the viewpoint of the board is untenable.

The award should be reversed, with costs against the Workmen's Compensation Board and the claim remitted for action in conformity with this opinion.

HILL, P. J., HEFFERNAN, BREWSTER and DEYO, JJ., concur.

Award reversed, with costs against the Workmen's Compensation Board and matter remitted for the sole purpose of entering an order in conformity with the opinion.