**C. W. BUZZARD, Plaintiff-Appellant,**

**v.**

**M. E. MORRIS, successor to Milton Carpenter, as State Treasurer and Custodian of Second Injury Fund, Defendant-Respondent,**

**and**

**C. W. Nofsinger Company and Aetna Casualty & Surety Company, Defendants.**

**No. 8520.**

Springfield Court of Appeals.

Missouri.

Jan. 18, 1966.

**130**

Douglas & Douglas, Neosho, for plaintiff-appellant.

Norman H. Anderson, Atty. Gen., O. Hampton Stevens, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

STONE, Presiding Judge.

C. W. Buzzard (hereinafter called the employee), a pipefitter by trade, instituted this proceeding under the Missouri Workmen's Compensation Law [V.A.M.S. Chapter 287] against C. W. Nofsinger Company, his employer, and Aetna Casualty & Surety Company, its insurer, by the filing of his claim for compensation with the Division of Workmen's Compensation on January 4, 1962. In that claim, the employee alleged that, while en route to his place of employment on August 17, 1961, he sustained severe personal injuries in and as the result of a vehicular accident in Newton County, Missouri, which arose out of and in the course of his employment because "the employer was paying employee travel expenses to and from home." On January 17, 1962, the employer and its insurer answered the employee's claim.

On July 31, 1962, the employee filed an amended claim for compensation which differed from his original claim in only one material respect, to wit, in that it named as an additional party to the proceeding "Mil-

ton Carpenter, Treasurer of Missouri and custodian of the second injury fund." See Section 287.220. (All statutory references are to RSMo 1959, V.A.M.S.) On August 22, 1962, the employer and its insurer filed an answer to the employee's amended claim, in which they asserted that "if they, or either of them, ever were liable to claimant [employee] under the Missouri Workmen's Compensation Law, all of which they deny, such liability has been fully compromised, settled, discharged and terminated by a lump sum compromise settlement agreement under Section 287.390, RSMo 1959, duly approved August 13, 1962, for a consideration of $4,900." Honorable Milton Carpenter, the then State Treasurer and custodian of the second injury fund, represented by the then Attorney General, on January 21, 1964, filed an answer to the employee's amended claim and, on July 9, 1964, filed an amended answer thereto denying the allegations of the amended claim and pleading certain affirmative defenses.

When the employee's amended claim came on for hearing before a referee of the Division of Workmen's Compensation on July 17, 1964, it was agreed, inter alia, that the employee's claim against the employer and insurer had been settled by a compromise agreement approved by a referee of the Division on August 13, 1962, that claim had been filed "against the State Treasurer as custodian of the second injury fund within the time prescribed by law," and that the only dispute was as to whether the employee was entitled to recover against the second injury fund. The referee's award on hearing was captioned "Claim against second injury fund only," named as a party "Milton Carpenter, State Treasurer, as custodian of second injury fund," showed that "liability of employer and insurer [had been] settled by compromise approved August 13, 1962," and awarded the employee "for permanent total disability under Section 287.220 the sum of $40 per week for 200 weeks, and thereafter the sum of $27.50 per week for life" to be payable "from second injury fund."

Upon application for review [Section 287.480] by "Milton Carpenter, State Treasurer and custodian of the second injury fund," the Industrial Commission of Missouri entered on February 1, 1965, a "final award against second injury fund only" which granted to the employee "for permanent partial disability the sum of $40.00 per week for 60 weeks, to be paid by the second injury fund." Dissatisfied with this award, the employee appealed to the Circuit Court of *Jasper* County. However, since the accident had occurred in *Newton* County, the transcript and file were lodged in the Circuit Court of that county [Section 287.490], which in due time affirmed the final award of the Industrial Commission "to be paid out of the second injury fund." Still complaining, the employee filed a notice of appeal to this court, naming in the caption of that notice only the employer and its insurer as parties defendant.

On behalf of Honorable M. E. Morris, the present State Treasurer and custodian of the second injury fund, the Attorney General has filed a "motion to transfer and to designate proper parties," in which he points out that the final award of the Industrial Commission was against the second injury fund alone and that the State Treasurer as custodian of that fund is the only party defendant in interest, and in which he requests that we designate M. E. Morris, successor to Milton Carpenter, as State Treasurer of Missouri and custodian of the second injury fund, as defendant-respondent, and transfer this case to the Supreme Court of Missouri.

 The above-recited facts appearing in the transcript filed in this court, it is clear that the State Treasurer, in his official capacity as custodian of the second injury fund, is a party defendant in this case [Section 287.220, subsec. 2] and that, since a "state officer as such is a party" [Art. V, Sec. 3, Mo.Const. of 1945], this appeal is within the exclusive appellate jurisdiction of our Supreme Court. Merriman v. Ben Gutman Truck Service, Inc., Mo., 392 S.W. 2d 292, 294; Grant v. Neal, Mo., 381 S.W. 2d 838, 840(3); Mossman v. St. Joseph Lead Co., Mo.App., 254 S.W.2d 241, transferred Mo., 265 S.W.2d 335. See also Federal Mutual Ins. Co. v. Carpenter, Mo., 371 S.W.2d 955.

Accordingly, the State Treasurer's "motion to transfer and to designate proper parties" is sustained, and it is the order of this court that M. E. Morris, successor to Milton Carpenter, as State Treasurer of Missouri and custodian of the second injury fund, should be and is designated as defendant-respondent, and that the clerk of this court should be and is directed to transfer this case forthwith [Sec. 477.080], together with a copy of this opinion and order, to the clerk of the Supreme Court of Missouri.

RUARK and HOGAN, JJ., concur.