■ In the Matter of the Claim of JOSEPH HAMPLE, Respondent, against ST. LUKE'S HOSPITAL et al., Appellants, and MACK INTERNATIONAL MOTOR TRUCK Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by one of two employers and its insurance carrier from a decision and award of the Workmen's Compensation Board. The board found that an accident of January 16, 1952 sustained by claimant while working for the appellant employer resulted in herniation of the disc between the third and fourth lumbar vertebræ and caused the disability upon which the award is predicated. Appellants do not deny that this accident caused some injury and disability but contend (1) that prior accidents (two of which occurred during employment by the respondent employer) contributed to the necessity for the operation which followed the 1952 accident and to the disability thereafter, so that a portion of the award should be charged against respondents employer and carrier, and (2) that the board erred in discharging respondent Special Disability Fund from liability. Although a massive record has been compiled, the simple, narrow issues are posed by the conflicting opinions of two physicians. The surgeon who performed the 1952 operation found a recently herniated disc at L3-L4 as well as evidence of old disc injuries in the two lower segments of the back. He removed the herniated disc and effected a spinal fusion from L3 to the sacrum. He testified that " the disability and the operation required for that disability stemmed out of the injury of January 18, [sic] 1952 rather than his previous injuries" and that "although the fusion was attempted to repair * * * the existing permanent partial disability of these previous two injuries, the surgery was primarily [he later added, 'specifically'] designed to remedy the sixth injury of January of 1952." Asked whether "any of the previous incidents play[ed] any part in the need for this operation and in the disability", he replied in the negative. He admitted that the disc at L3-L4 had sustained some injury prior to its herniation in 1952 but asserted that the previous injury had occurred more recently than at the time of claimant's last prior accident of record and was thus of unknown origin. The board was warranted in accepting this surgeon's testimony and rejecting such of the evidence adduced from appellants' medical expert as contradicted it. In fact, the latter expert agreed that any herniation prior to January 16, 1952 could not be ascribed to any particular accident and that the accident of January 16, 1952 precipitated the condition which required an operation. The board was also warranted in relieving the Special Fund on the stated ground that " claimant's present condition is not materially and substantially greater because of the previous injuries." (See Workmen's Compensation Law, § 15, subd. 8, par. [d].) There was support for this determination in the testimony of the surgeon who operated. It could also be found that the spinal fusion was solid, with the result that the condition existing prior to January 16, 1952 in the segments of the back below the L3-L4 space was improved following the operation. Further, appellants' expert testified that claimant's condition might be better than it was prior to the 1952 accident but that he did not know whether it was better or worse. Upon the facts it cannot be said, absent medical evidence credited by the board, that the existence of a greater combined dis-

ability, by reason of the pre-existing back condition and of a pre-existing disability of one arm, is "obvious", as in *Matter of Wason* v. *Moyer & Pratt* (274 App. Div. 313, 316) upon which appellants mistakenly rely. Decision and award affirmed, with one bill of costs, to be divided between respondents employer and carrier and respondent Special Fund. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.