Desmond, J.
 

 Claimant’s objection tó this workmen’s compensation award is that it charges to the employer and carrier 1/6 only of the
 
 “
 
 surgical, disability and medical expenses”
 
 *451
 
 in respect to an operation performed on claimant on September 19, 1955 to stabilize his arm or shoulder. Claimant suffered six separate dislocations of his right shoulder, the first one on October 19, 1953, in a high school football game, and the last one on August 31,1955 when he was sitting in a chair stretching his arms. Of that series of six dislocations of the same shoulder one only was industrially related, that being the dislocation of November 8, 1954 (there were two later dislocations) while claimant was working for this employer. Claimant lost no time from work after or as a result of that industrial accident and the medical expense of the treatment immediately related thereto was paid by this employer or its carrier. He continued to work for the employer for about two months and then, being a temporary employee, was laid off and remained unemployed. Then came the fifth dislocation on May 30, 1955 while claimant was swimming and the sixth incident (August 31, 1955) while he was sitting in a chair stretching his arms. It was not until after this sixth such dislocation that claimant was operated upon.
 

 The workmen’s compensation referee gave him an award against this employer and insurer for 10-3/5 weeks’ disability plus the surgeon’s bill and the hospital bills on a finding that the industrial accident of November 8, 1954
 
 “
 
 aggravated a pre-existing condition and left the shoulder in a weakened condition which required surgery for correction.” The Workmen’s Compensation Board, however, modified the decision of its referee by charging the employer-carrier with II6 only of the disability period following the operation and 1/6 only of the surgical and hospital expense of the operation. There was a board finding that the surgical repair of September, 1955 and the subsequent disablement were ascribable to all six accidents (the industrial accident, the three preceding ones and the two subsequent ones) and that the industrial accident contributed proportionately 1/6 to claimant’s need for shoulder repair and consequential disability.
 

 The theory of claimant, simply stated, is that this employer hired him with a known history of prior shoulder injuries and took him as he found him, that the 1955 surgery and disability were precipitated by the industrial accident and that the Workmen’s Compensation Law requires that an employer pay the
 
 *452
 
 full consequences of an industrial accident. The theory of the employer-carrier is that apportionment' of an award against several accidents is customary and valid when justified by proof and that this employer-carrier should not pay the whole cost simply because the other five accidents were nonindustrial. Essentially, we have here an affirmed determination of fact and since it is reasonably supported by the record besides being fair and just it should be upheld unless there is some controlling rule of law to the contrary. We find no such rule.
 

 There seems no reported decision directly in point. However, subdivision 7 of section 15 of the Workmen’s Compensation Law which in the same or similar language has been in the statute for many years seems in its last proviso to justify this result: “ 7. Previous disability. The fact that an employee has suffered previous disability or received compensation therefor shall not preclude him from compensation for a later injury nor preclude compensation for death resulting therefrom; but in determining compensation for the later injury or death his average weekly wages shall be such sum as will reasonably represent his earning capacity at the time of the later injury, provided, however, that an employee who is suffering from a previous disability shall not receive compensation for a later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with the previous disability except as hereinafter provided in subdivision eight of this section.”
 

 Claimant does not deny that when there is a series of compensable accidents there can be an apportionment (see
 
 Matter of Anderson
 
 v.
 
 Babcock & Wilcox Co.,
 
 256 N. Y. 146, and many other cases, one of the most recent being
 
 Matter of Fichtner
 
 v.
 
 Bloomingdale Bros.,
 
 4 N Y 2d 914). He argues, however, that subdivision 7 of section 15
 
 (supra)
 
 is applicable only when the previous accidental injuries are compensable, citing
 
 Matter of Conway
 
 v.
 
 Aluminum & Brass Co.
 
 (304 N. Y. 571).
 

 In some instances there might be a difficulty of reconciliation between the command of subdivision 7 of section 15 that compensation for a later injury shall not exceed compensation allowable for such injury considered by itself and the settled rule of the cases that when a subsequent industrial accident aggravates a previous disability the employer is liable for
 
 *453
 
 the full consequences (see
 
 Matter of Schwab
 
 v.
 
 Emporium Forestry Co.,
 
 216 N. Y. 712 [1915], apparently the oldest case). However, we see in the present case no conflict between these two rules. The employer paid all the immediate costs of the industrially caused fourth accident. The fourth dislocation of this man’s shoulder did not aggravate a previous disability and result in a new and greater disability. For all that appears in this record, no one of these dislocations created a new and worse condition. It was the propensity to such injuries after the first or football accident which finally, after the sixth mishap, convinced the surgeon that permanent repair was necessary. The dissenting Justices in the Appellate Division in the present case said that the industrial accident did aggravate and worsen the previous condition but this actually would be a new finding, seemingly based on the testimony of one of the physician-witnesses. However, that physician’s own testimony can be read to mean not that the industrial accident “ aggravated ” in the sense that it made any pre-existing condition worse, but that the industrial accident plus the others confirmed the idea that eventually claimant would have to have some permanent repair of his shoulder. The physician refused to testify that the likelihood of future dislocations was increased by the industrial accident dislocation. The whole medical testimony justifies the conclusion in the majority Appellate Division opinion that the picture was one of a “ recurrent dislocating shoulder ” and that the principal indication for surgery was the fact that there were so many dislocations, rather than that any one dislocation had been a particularly aggravating factor in the man’s condition.
 

 In the appellant’s brief there is some discussion of subdivision 8 of section 15 which is construed in
 
 Matter of Mastrodonato
 
 v.
 
 Pfaudler Co.
 
 (307 N. Y. 592) and which subdivision provides that, if an employee who has a permanent physical impairment and is hired as a disabled person incurs a subsequent disability in a work accident resulting in a new permanent and substantially greater disability than before, the current employer must pay the compensation but is reimbursed in part from a Special Disability Fund. But subdivision 8 does not apply to the present situation and neither of the Appellate Division opinions in the present case relies on subdivision 8. There is no showing
 
 *454
 
 here that this claimant was hired as a previously permanently disabled person or, in fact, that he was a permanently disabled person.
 

 The final argument of appellant is that there was no evidentiary basis in this record for the finding that the industrial accident’s contribution to the necessity for surgery was approximately 1/6 of the whole causation. Of course, such a finding could never have mathematical or exact demonstration. But the physician on whose testimony claimant relies here said that this was a common condition of a
 
 “
 
 recurrent dislocating shoulder ’ ’ and that it ‘1 constituted a proportional aggravation of any subsequent condition in that shoulder ’ ’. Surely it was not irrational to conclude that each of the six accidents contributed in equal part to the final necessity for surgery. There is support in our decisions for the theory that in the absence of special circumstances equal apportionment is the best rule to apply (see
 
 Matter of Anderson
 
 v.
 
 Babcock & Wilcox Co.,
 
 256 N. Y. 146, supra;
 
 Matter of Fichtner
 
 v.
 
 Bloomingdale Bros.,
 
 4 N Y 2d 914, supra;
 
 Matter of Conklin
 
 v.
 
 Arden Farms Dairy Co.,
 
 3 N Y 2d 860).
 

 The order should be affirmed, with costs.
 

 Chief Judge Conway and Judges Dye, Fuld, Froessel, Van Voorhis and Burke concur.
 

 Order affirmed.