■ In the Matter of the Claim of JOSEPH MATTIOLI, Respondent, v. JASCO TOOLS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Gibson, P. J. Appeal from a decision of the Workmen's Compensation Board

which held appellant carrier liable for claimant's medical and hospital bills following surgery to repair a shoulder injury and for compensation payments during the 9 3/5 weeks postoperative recovery period; appellants contending that the awards should have been apportioned between the accident here in issue and four nonindustrial accidents prior thereto. Claimant was injured in the course of his employment as a toolmaker when he grabbed a barrel of steel chips weighing 200–300 pounds which had started to roll off a cart, and in doing so dislocated his shoulder. Claimant had dislocated the same shoulder on four previous occasions, each time in the course of some athletic activity. The attending physician, upon his first examination and treatment, on July 11, 1966, the day of the industrial accident, scheduled surgical repair of the condition at a later date; it being comtemplated that after three weeks of symptomatic treatment, claimant might, if then asymptomatic, return to work until the scheduled surgery, which was performed August 26, 1966. The doctor's observation that this particular dislocation "made it very evident to the patient that the surgical correction is *now* definitely necessary" (emphasis supplied) doubtless reflected the doctor's own conclusion as well. The last previous dislocation had occurred the year before, during athletics of some kind, and claimant's "coach set the arm * * * and sent [claimant] to the hospital and they checked it, and they said there was nothing wrong with it", following which claimant had no difficulty until the 1966 industrial accident. His attending orthopedist said that he was "functioning adequately well" prior to that accident. Although this physician said that without the operation claimant would eventually have reverted to his preaccident condition, the fact remains that he *did* have the operation and hence did *not* so revert without surgical intervention. Clearly, the industrial accident was the effective cause and precipitant of the surgery. Indeed, the carrier's medical expert reported that claimant's "last dislocation was a temporary aggravation of pre-existing condition of chronic recurrent dislocation of the right shoulder"; and as was recognized in *Matter of Engle* v. *Niagara Mohawk Power Corp.* (6 N Y 2d 449, 452–453) there is in such case applicable "the settled rule of the cases that when a subsequent industrial accident aggravates a previous disability the employer is liable for the full consequences". Appellants in this case strongly rely on *Engle,* not, of course, for its iteration of that rule but because it approved the apportionment of liability as between six accidents; but there it was the board's decision that apportioned the award and the Court of Appeals, as it carefully pointed out, had to deal with "an affirmed determination of fact * * * reasonably supported by the record" (p. 452). Here, of course, the board's determination was the other way and for it, too, the record furnishes adequate evidentiary support. In *Engle,* the last accident preceding, and causative of, the operation, performed three weeks later, was nonindustrial (6 A D 2d 631, 632); here the industrial accident caused aggravation and created the immediate necessity for surgery. The expenses thereof being wholly attributable to the accident, the compensation payments during the postoperative recovery period were also properly chargeable to the carrier, without apportionment. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gibson, P. J.