■ In the Matter of the Claim of Roscoe Burch, Respondent, v. General Electric Co. et al., Appellants. Workmen's Compensation Board, Respondent.— Cooke, J. Appeal from a decision of the Workmen's Compensation Board, filed August 6, 1968, which determined that claimant had a 50% causally related disability due to the 1962 accident in question and that claimant's rate of compensation was $48.25. The pertinent facts are not in dispute. Claimant was found by the board to have sustained a temporary total disability, the disability being attributable equally to a 1958 accident, for which compensation was not available, and to a November 26, 1962 compensable accident while working for appellant employer. At the time of the latter injury, claimant's average weekly wage was established at $144.75, the board computing his rate of compensation at $96.50 and awarding him $48.25 per week for a period of 34⅗ weeks, based on a 50% attribution to the noncompensable accident. Subdivision 2 of section 15 of the Workmen's Compensation Law, as in effect at the time of the second accident and except for a specified gross maximum, provided that, in cases of temporary total disability, 66⅔% of the average weekly wage shall be paid to the employee during such disability. Paragraph (b) of subdivision 6 of said section provided that, at that time, the compensation for temporary total disability shall not exceed $55 per week. The board's computation of claimant's weekly rate of compensation was in error. Since two thirds of claimant's average weekly wage of $144.75 was greater than $55 per week, in the event of full liability on carrier's part claimant would be entitled to said weekly maximum. But since appellant carrier's liability was reduced in the proportion that causation should properly be assigned to the pre-existing condition, it is to be charged with only 50% of said weekly maximum liability, or $27.50 per week (cf. *Matter of Engle* v. *Niagara Mohawk Power Corp.*, 6 N Y 2d 449; *Matter of Putnam* v. *Harrison Radiator Div. Gen. Motors Corp.*, 12 A D 2d 543). Although the point at issue here does not appear to have been raised on appeal in *Matter of Powell* v. *Lee & Simmons Lighterage Co.*, (20 A D 2d 967), there was affirmance there of a board decision finding that both of the two accidents were equally responsible for a given period of temporary total disability, that compensation as to the earlier accident was barred by the provisions of section 123 of the Workmen's Compensation Law, that claimant's average weekly wage was $93.80 and that the carrier in respect to the second accident of February 28, 1957 was responsible for payment at $18 per week during said period, the then existing limitation as to temporary total disability being $36 per week (see L. 1954, ch. 19, § 1). Decision reversed and claim remitted for further proceedings, with costs to appellants against the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Cooke, J.