■ In the Matter of the Claim of ANNA PAPPAS, Respondent, v. MEMORIAL SLOAN KETTERING INSTITUTE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed July 24, 1970. Claimant, a waitress, was injured in the course of her employment on December 3, 1965. The board found that she had a 50% disability, one-half causally related to the accidental injury and one-half related to a nonindustrial accident. Based on an average weekly wage established at $78 claimant was awarded the sum of $19.50 reduced earnings for what the board termed at 25% disability causally related to the accidental injury. Appellants contend that the award was erroneously computed; 25% of the average weekly wage of $78 being taken to arrive at the reduced earnings rate of $19.50. Neither the percentage of disability, the percentage of such disability attributable to the industrial accident nor the average weekly wage established by the board are in issue. Subdivision 5 of section 15 of the Workmen's Compensation Law provides: "In case of temporary partial disability resulting in decrease of earning capacity, the compensation shall be two-thirds of the difference between the injured employee's average weekly wages before the accident and his wage earning capacity after the accident in the same or another employment." Claimant's wage earning capacity after the accident has been determined by the board to be 50% of her average weekly wages prior to such accident (see Workmen's Compensation Law, § 15, subd. 5-a). Therefore, we arrive at the compensation rate of $26 (Matter of Pezzella v. Syra Ind., 36 A D 2d 885). However, since only one half of claimant's disability is causally related to the accidental injury of December 3, 1965, a reduced earnings rate of $13 payable to claimant results (see Matter of Pezzella v. Syra Ind., supra, where a reduction of wage earning capacity of 25% was fully attributable to the industrial accident). As for subdivision 6 of section 15 of the Workmen's Compensation Law, that is here satisfied. The minimum compensation, like maximum liability, is to be reduced in the proportion that causation is assignable to the noncompensable injury (see Matter of Burch v. General Elec. Co., 33 A D 2d 613). Decision reversed, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Sweeney and Simons, JJ., concur.