■ In the Matter of ALBERT PAGAN, Respondent, v. PLAZA HOTEL et al., Appellants, and SHERATON EAST HOTEL et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed November 20, 1972, which modified a decision of the referee and found that the entire award was chargeable to the accident of October 10, 1967. On April 16, 1964, claimant suffered a compensable accident to his back, and an award was made for disability to September 15, 1964. The case was closed on October 5, 1964 with a finding of no further disability. Claimant thereafter continued to work without interruption until he suffered another back injury on October 10, 1967, after which he was unable to return to work. The compensability of claimant's disability is not disputed on this appeal. The appellants, however, object to the board's decision insofar as it found that claimant's disability was caused solely by the 1967 accident, contending that this decision is not supported by substantial evidence. We disagree. While the evidence in the record is admittedly susceptible of differing interpretations, the conclusions of the board must be sustained if they reasonably follow from the record. Dr. Post was of the view that a greater portion of the disability, in the neighborhood of 60% to 70%, was attributable to the 1967 accident, but he had no familiarity with claimant's condition prior to the second accident and admitted that he had no knowledge of the diagnosis, the nature of the treatment, or any medical conclusions as to permanency relating to the first case. Considering this testimony together with the fact that claimant had been able to return to work for three years after the first accident but had not been able to resume work after the second, the board could properly find an

absence of evidence of causal relationship between the 1964 accidnt and the disability (see *Matter of Hall* v. *Chevrolet Tonawanda Div., Gen. Motors Corp.*, 37 A D 2d 1008). Doctors Kapland and Preston testified that claimant was suffering no disability attributable to either accident, but the testimony of Dr. Post and the numerous reports filed by Dr. Forster supported a finding of disability related to the 1967 accident. The board could therefore properly accept so much of the testimony of each of the medical experts as would reasonably lead to the conclusion that there was no disability relating to the 1964 accident but that claimant did have a disability which was entirely attributable to the 1967 accident (see *Matter of Rados* v. *Woodlawn Water Supply Dist.*, 31 A D 2d 879). Decision affirmed, with costs to respondents filing briefs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Main, JJ., concur.