■ In the Matter of the Claim of MICHAEL MURILLO, Appellant, v OGDEN CORPORATION (NEDICK CORP. STORES) et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed March 26, 1974, as amended by a supplemental decision filed October

18, 1974. The pertinent facts are not in dispute. Claimant was found by the board to have sustained an over-all total disability causally related to accidental injuries sustained on April 20, 1943 and on December 1, 1972; that 75% of the disability is causally related to the accidental injury of April 20, 1943 and that indemnity benefits are barred in that claim under the provisions of section 123 of the Workmen's Compensation Law. The board found further that claimant has a 25% loss of earning capacity causally related to the accidental injury of December 1, 1972 and is entitled to a compensation rate of $15.67 reduced earnings. As a result of his accidental injury of April 20, 1943, claimant was found to have a permanent disability constituting 75% partial disability and was awarded compensation at the rate of $18.61 per week. Despite the disabling conditions of both knees and his back, and degenerative pathology in various parts of his body, he was working as a short order cook for respondent employer, and earning $94 per week, when he sustained an accidental injury to his back and left knee on December 1, 1972. The board's findings of fact are clearly based upon substantial evidence, and are not questioned by the claimant. The only issue raised on this appeal is whether the board erred, as a matter of law, in its determination that claimant sustained a 25% loss of earning capacity causally related to the accidental injury of December 1, 1972 and in its award of compensation benefits at the rate of $15.67 per week. Claimant contends that he suffered a total loss of his earning capacity as a result of his accident of December 1, 1972, and that he is entitled to compensation payments of $62.67 per week, representing two thirds of his average weekly earnings of $94 prior to that accident. There can be no question that the board may apportion responsibility for compensation benefits on a pro rata basis *(Matter of Engle v Niagara Mohawk Power Corp.,* 6 NY2d 449). Since claimant's first accident was compensable under the Workmen's Compensation Law, responsibility would normally be divided between the two compensable accidents in accordance with the medical proof of disability, and the average weekly wage in the 1972 case would be used to determine the over-all rate of compensation. That procedure was followed in the present case. However, since there was a lapse of more than 18 years from the date of the first accidental injury (1943), the board found that an award of compensation for that injury was barred by section 123 of the Workmen's Compensation Law. That factor can have no bearing on proportional responsibility of the 1972 case which is determined by the medical evidence in the same manner as if both accidents were compensable. The average weekly wage in this case is $94, and the total disability rate was computed at two thirds of the average weekly wage, or $62.67, in accord with section 15 of the Workmen's Compensation Law. Since it has been established that 75% of the disability is related to the accident of 1943 and 25% related to the accident of 1972, the board found that the share of the disability chargeable to the December 1, 1972 accident is 25% of the total disability rate. It is clear that the board properly applied the law to the uncontroverted findings of fact *(Matter of Pappas v Memorial Sloan Kettering Inst.,* 37 AD2d 887; *Matter of Burch v General Elec. Co.,* 33 AD2d 613). Nor do we find any merit to claimant's argument that the weekly rate of $15.67, based on 25% of total disability, is an erroneous one since it is less than the statutory minimum. The minimum compensation, like maximum liability, is to be reduced in the proportion that causation is assignable to the noncompensable injury *(Matter of Pappas v Memorial Sloan Kettering Inst., supra; Matter of Burch v General Elec. Co., supra).* Decision affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.