■ In the Matter of the Claim of RUSSELL S. WALTON, Respondent, v ARNEL HOMES, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed May 6, 1976. Claimant sustained a compensable back injury in 1964 and was thereafter classified as having a permanent partial disability when his case was closed in 1969. However, following authorized surgery in 1970, claimant was able to and did return to full-time employment without further symptoms. He again injured his back in October of 1972 while working for another employer. The board has determined that his present disability is due solely to this later incident and has discharged the Special Fund from liability (Workmen's Compensation Law, § 15, subd 8). Claimant's last employer and its carrier appeal contending this disability is attributable to both industrial accidents or to the 1964 event alone. We disagree. While there were medical reports which differed in opinion on whether the 1964 injury was relevant to claimant's condition following the 1972 incident, this merely created an issue of fact within the province of the board to resolve. From them it could have apportioned responsibility for the instant disability, but its refusal to do so does not mean that the decision is founded on less than substantial evidence. The fact of claimant's return to work after surgical intervention could not have been overlooked by the various medical examiners and in opting to disassociate the old condition from the current disability the board properly chose to rely on those reports which discounted the effects of the 1964 injury. There was a substantial evidentiary basis for its conclusion and the decision should be affirmed (see *Matter of Hall v Chevrolet Tonawanda Div., General Motors Corp.,* 37 AD2d 1008; *Matter of Hample v St. Luke's Hosp.,* 6 AD2d 917). Decision affirmed, with costs to respondents filing briefs against the employer and its insurance carrier. Koreman, P. J., Greenblott, Kane, Larkin and Mikoll, JJ., concur.

■ In the Matter of the Claim of LUISA M. RE, Respondent, v FLUSHING MANOR NURSING HOME et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workmen's Compensation Board, filed February 27, 1975, as amended by decision filed March 17, 1977, August 28, 1975 and February 19, 1976, which found that the claimant gave the employer timely and proper notice of her claim for benefits under section 18 of the Workmen's Compensation Law. The board found: "that inasmuch as claimant sought medical attention when she was discharged by the employer three days after the accident and claimant thereafter on May 2, 1974 provided employer with a note from her doctor, the employer was not prejudiced by late notice." There is substantial evidence to sustain the determination of the board. Decisions affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Koreman, P. J., Greenblott, Sweeney, Mikoll and Herlihy, JJ., concur.