■ In the Matter of the Claim of ARTHUR J. BURT, Respondent, v W. M. GIRVAN, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workmen's Compensation Board, filed November 24, 1976 and June 23, 1977. The board found that as a result of an industrial accident on May 6, 1974, the claimant had an over-all partial disability equal to 50% loss of earning capacity and that 50% of that disability was causally related to the industrial accident in question. Pursuant to that determination, an award was made at the rate of $56.86 per week. The average weekly wage of the claimant of $341.12 is undisputed. The 50% degree of over-all disability is undisputed. The determination that 50% of that disability, or 25% of the total disability, was causally related to the accidental injury is also undisputed. The sole issue before this court is the correct computation of the rate of compensation. Pursuant to the pertinent statutes, the board determined that with a 50% total disability, the claimant would be entitled to 50% of two thirds of $341.12 (his average weekly wage) or the sum of $113.71 (Workmen's Compensation Law, §§ 14, 15, subd 5; § 15, subd 5-a). Since the carrier was only liable for one half of the 50% disability, the board found that the carrier was liable for one half of $113.71, and made the award of $56.86 per week. The carrier, on the

other hand, contends that if it, the carrier, were responsible for all of claimant's disability, it would be responsible for $113.71. Since that sum exceeds the maximum rate of compensation of $80, the carrier would be required to pay $80. Since the carrier is only responsible for one half of claimant's disability, it should pay one half of $80 or $40. We agree with the carrier's contention and manner of computation. The court has previously considered this argument in *Matter of Burch v General Elec. Co.* (33 AD2d 613), in which it was stated: "Since two thirds of claimant's average weekly wage of $144.75 was greater than $55 per week, [the maximum at that time] in the event of full liability on carrier's part claimant would be entitled to said weekly maximum. But since appellant carrier's liability was reduced in the proportion that causation should properly be assigned to the pre-existing condition, it is to be charged with only 50% of said weekly maximum liability, or $27.50 per week". "The minimum compensation, like maximum liability, is to be reduced in the proportion that causation is assignable to the noncompensable injury" *(Matter of Pappas v Memorial Sloan Kettering Inst.,* 37 AD2d 887; see *Matter of Murillo v Ogden Corp.,* 51 AD2d 1085). Decisions reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Main, Larkin and Mikoll, JJ., concur.