■ In the Matter of the Claim of RICHARD CAMPOLO, Respondent, v INTERNATIONAL LADIES GARMENT WORKERS UNION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workers' Compensation Board, filed February 25, 1977 and January 31, 1978, which awarded compensation benefits at the rate of $70 reduced earnings. On November 2, 1973, claimant sustained an injury to his right hip which had been previously injured in a 1962 compensable accident. The referee found that claimant had a continuing causally related disability; established the average weekly wage at $209.64; classified claimant as suffering from a permanent partial disability; and made an award of $70 reduced earnings. The board, affirming the referee, found that "the claimant's accidental injury of 11/2/73 aggravated the claimant's pre-existing right hip injury rendering claimant totally disabled from performing any work; that claimant has a continuing disability causally related to the accidental injury of 11/2/73 subsequent to 6/2/75 equal to a 50% loss of earning capacity, balance related to the 1962 injury, entitling claimant to a

$70 RE rate from 1/2/75." The sole issue raised by appellants upon this appeal is the propriety of the rate of compensation as fixed by the board. Respondent argues that this issue is jurisdictionally outside the scope of this appeal because it had never been specifically raised before the board. Appellants are correct in asserting that the award of $70 per week was erroneous. Subdivision 1 of section 15 of the Workers' Compensation Law allows a recovery of 66⅔% of a claimant's average weekly wage for permanent total disability. Section 15 (subd 6, par [c]), however, provides that compensation for a permanent total disability shall not exceed $80 per week where the accident occurs on or after July 1, 1970 and prior to July 1, 1974. The proper calculations to determine the weekly rate would be as follows: two thirds of the claimant's $209.64 average weekly wage is $140, but since that figure is greater than the maximum weekly rate of $80, the rate of compensation would be $80. The 50% apportionment factor is then applied to the $80, which results in a weekly maximum of $40 (see *Matter of Burch v General Elec. Co.,* 33 AD2d 613). The board and referee, however, applied the 50% apportionment factor to the $140 figure, which resulted in a weekly rate of $70, the amount erroneously awarded to claimant. The mistake was manifestly an incorrect arithmetical computation made by the board and referee. Respondents contend, nevertheless, that this ministerial error in computation must stand uncorrected because appellants never raised it before the board. We disagree. It was the board which expressly fixed the 50% apportionment factor, whereas the referee had done it implicitly, and it was the board which calculated that claimant was entitled to a $70 rate of compensation, thereby perpetuating the referee's error. With the case in this posture, the rate issue is properly before us. The board failed to apply the statutorily mandated method of calculation in determining the amount of claimant's award. Furthermore, findings of fact or interpretations of law are not here involved, only a mere recalculation based on uncontested findings of the board. The board, in computing a claimant's award, has no choice but to follow the precise dictates of section 15 of the Workers' Compensation Law. Accordingly, we reverse and remit the case to the board for further proceedings not inconsistent herewith. Decisions reversed, with costs to appellants against the Workers' Compensation Board, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Main, JJ., concur.