■ In the Matter of the Claim of John McNulty, Respondent, v Americana Inn of Albany et al., Appellants. Workers' Compensation Board, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed December 15, 1978. Claimant sustained an injury to his back on February 4, 1977, when he fell 14 feet from the roof of his employer's motel where he had been effecting repairs. Prior to this accident, claimant had experienced a long history of back troubles which required four operations and numerous periods of hospitalization. The employer's insurance carrier paid claimant $119.47 a week for temporary total disability as a result of the accident until August 15, 1977. Following that date, the Administrative Law Judge decided that claimant had a 50% permanent partial disability and directed the employer or its carrier to pay claimant a weekly rate of $59.73. The board affirmed the referee's decision and this appeal by the employer and its insurance carrier ensued. The sole issue raised on this appeal is whether the 50% permanent partial disability rate should be apportioned. The employer and its carrier claim that part of claimant's present disability existed prior to the February 4, 1977 accident. Thus, they argue that the board's decision requiring them to pay claimant $59.73 a

week is excessive since it fails to apportion that award between the related and unrelated causes (see *Matter of Engle v Niagara Mohawk Power Corp.,* 6 NY2d 449; *Matter of Burch v General Elec. Co.,* 33 AD2d 613). The board, on the other hand, contends that the employer is liable for the full consequences of the February 4, 1977 accident since it aggravated claimant's previously asymptomatic back disability (see *Matter of Hall v Chevrolet Tonawanda Div., Gen. Motors Corp.,* 37 AD2d 1008; *Matter of Mattioli v Jasco Tools,* 29 AD2d 1013). In support of its position, the board's decision relies on a portion of a report-written by claimant's physician, Dr. Frank Slowick, on August 17, 1977, stating that claimant's current disability was "an aggravation of a pre-existing condition" caused by the accident of February 4, 1977. Dr. Slowick's report, when read in its entirety, contradicts rather than supports the board's position. He concluded that the claimant, following an earlier back injury sustained in 1972, "was left with some permanent partial impairment of function in his lower back, the degree of which I am unable to assess". This statement is consistent with all of the other medical proof in the record. Physicians who examined claimant on behalf of both the State and the carrier concluded that not all of the present disability was causally related to the February 4, 1977 accident. Accordingly, since there is no substantial evidence in the record to support the board's determination (cf. *Matter of Walton v Arnel Homes,* 60 AD2d 710; *Matter of Pagan v Plaza Hotel,* 44 AD2d 861, mot for lv to app den 35 NY2d 642), it must be reversed and the matter remitted for further development of the record on the issue of apportionment of claimant's disability. Decision reversed, with costs to the employer and its insurance carrier against the Workers' Compensation Board, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Kane and Casey, JJ., concur.