■ In the Matter of the Claim of CHARLES ELLERT, Appellant, v ELLERT BROTHERS & SONS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed May 4, 1979. Claimant incurred a serious injury to his right knee on November 2, 1972 when he fell into a well pit while working for the employer. On February 21, 1975, he was found to have a permanent partial disability with a 75% loss of earning capacity; 40% of the permanent partial disability was found to be related to the accident on November 2, 1972, and 60% was found to be causally related to a pre-existing condition described as grossly advanced arthritis. Claimant's average weekly wage prior to the accident was $250. These facts are not in dispute. Section 15 (subd 6, par [c]) of the Workers' Compensation Law, applicable to accidents occurring on or after July 1, 1970 and prior to July 1, 1974, provides that the compensation for permanent partial disability shall not exceed $80 per week. Subdivision 3 of that section provides that in a case of permanent partial disability, the compensation shall be 66⅔% of the average weekly wage. Since 66⅔% of claimant's average weekly wage of $250 would exceed $80 per week in the event of full liability on carrier's part, claimant would be entitled to the weekly maximum of $80, reduced in the proportion that causation is assigned to the pre-existing condition (Matter of Burch v General Elec. Co., 33 AD2d 613). The board made an award in the amount of $32 per week calculated at 40% of the maximum weekly rate of $80 per week. The apportionment of liability in the proportion that causation is assignable to the noncompensable injury is proper (Matter of Engle v Niagara Mohawk Power Corp., 6 NY2d 449; Matter of Murillo v Ogden Corp. [Nedick Corp. Stores], 51 AD2d 1085); and the maximum. partial disability rate has a rational basis, and is uniformly applied to claimants with and without pre-existing disabilities. The decision of the board should, therefore, be affirmed. Decision affirmed, without costs. Greenblott, J. P., Main, Mikoll and Casey, JJ., concur; Staley, Jr., J., not taking part.