■ In the Matter of the Claim of HERBERT HARRIS, Respondent, v INCORPORATED VILLAGE OF WESTBURY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed January 10, 1980. The board found that claimant is permanently totally disabled as the result of a 1969 industrial accident and two other unrelated accidents. It further found that one third of the total disability was causally related to the 1969 accident. Finally, it awarded the sum of $42.79 as the weekly rate of compensation. The board stated: "The Board Panel, by its previous decision filed March 13, 1979, found that the claimant was permanently totally disabled as the result of the compensable myocardial infarction of 1969 and other unrelated heart conditions and that the claimant's present disability was one-third causally related. Accordingly, the case was restored to Trial Calendar for appropriate awards. Facts recited therein are incorporated herein. Average weekly wage was previously established at $192.56. At the hearing of May 28, 1979 the Workers' Compensation Law Judge (Referee) arrived at the $42.79 rate by apparently taking one third of two-thirds of $192.56. Carrier contends, since the maximum rate for a permanent total disability at the time of this accident was $70, that the proper method to compute the rate is by dividing the $70 total rate by three." The appellants contend that the sum of $42.79 cannot be correct since three times it would equal an amount in excess of the statutory maximum of $70 allowable for total disability as to the 1969 accident. (See *Matter of Burt v W. M. Girvan, Inc.,* 62 AD2d 1108.) The board, on appeal, alleges that its computation is correct since it is based upon a continuing causally related disability of one third and, therefore, is not subject to a computation based upon the maximum of $70. (See *Matter of Agostino v Trocom Constr. Corp.,* 77 AD2d 708; *Matter of Picone v Tallman Constr. Corp.,* 75 AD2d 962; *Matter of Pezzella v Syra Inds.,* 36 AD2d 885.) The appellants' argument, based on this record, is clearly erroneous since there is no finding that the 1969 accident in itself is equal to total disability. As long as the award does not exceed the maximum of $70, there is no legal error *(Matter of Agostino v Trocom Constr. Corp., supra).* Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.