◼ In the Matter of the Claim of JOSEPH J. TEDESCO, Respondent, v STEWART & BENNETT, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed December 4, 1981. Claimant sustained a compensable back injury on September 14, 1977, which ultimately resulted in surgery to remove a disc protrusion. Periodic awards of compensation were made both at the temporary total disability rate and at reduced earnings rates based upon an established average weekly wage of $354.20. The administrative law judge, by decision filed February 20, 1981, classified claimant as having a permanent partial disability and apportioned 25% to pre-existing causes and 75% to the accident of September 14, 1977. He further determined that the apportioned 75% was equivalent to a 50% loss of earning capacity and directed the carrier to pay reduced earnings at the maximum rate of $95 per week. The carrier appealed to the board contending that the rate should be reduced to $71.25 per week to reflect the apportionment of responsibility previously established. Upon review of the record, the board found a causally related disability which entitled claimant to a rate of $95 per week reduced earnings. The decision should be affirmed. We are not concerned with an award of compensation for total disability from two separate causes apportioned by the board as was the case in *Matter of Campolo v International Ladies Garment Workers Union* (65 AD2d 672) and *Matter of Burch v General Elec. Co.* (33 AD2d 613). Nor are we faced with a circumstance of over-all partial disability apportioned by the board as in *Matter of Ellert v Ellert Bros. & Sons* (78 AD2d 744) and *Matter of Burt v W. M. Girvan, Inc.* (62 AD2d 1108). In this case, the apportionment was made by the administrative law judge who found a 50% reduction in earning capacity as a result of the industrial accident. The board affirmed this finding which, in effect, assigns claimant's 50% loss of earnings capacity and permanent partial disability to this accident which, in turn, entitles him to the maximum rate (Workers' Compensation Law, § 15, subds 5-a, 6, par [b]). Decision affirmed, with costs to the Workers' Compensation Board. Kane, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.