■ In the Matter of the Claim of JOSEPH L. ROONEY, Appellant, v BARKER'S DEPARTMENT STORE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed June 29, 1982. This case involves a determination by the board which found one third of claimant's over-all partial disability involving injury to the lower back area attributable to each of two work-related accidents, which occurred on October 20, 1975 and May 13, 1976, and one third attributable to a nonrelated accident in October of 1976. The sole issue before this court is whether the board erred in apportioning claimant's reduced earning rates for the period September 26, 1977 to July 6, 1979 based on the above-stated percentages. Essentially, claimant argues that since the board is required to determine the wage earning capacity of a partially disabled claimant by his

actual earnings (Workers' Compensation Law, § 15, subd 5-a), the degree of causally related disability to an assessment of reduced earnings is irrelevant. We disagree. In an instance of temporary partial disability, reduced earnings are payable in an amount equal to "two-thirds of the difference between the injured employee's average weekly wages before the accident and his wage earning capacity after the accident" (Workers' Compensation Law, § 15, subd 5). While the board lacks discretion under subdivision 5-a of section 15 to determine wage earning capacity where a partially disabled employee has actual earnings, an apportionment of reduced earnings may still be made relative to causation. To hold otherwise would render an employer liable for reduced earnings in no way occasioned by a claimant's employment. Clearly, the board may reduce benefits in the proportion that causation is assignable to the noncompensable injury (*Matter of Ellert v Ellert Bros. & Sons,* 78 AD2d 744; *Matter of Burt v W. M. Girvan, Inc.,* 62 AD2d 1108). Here, we cannot say that it was irrational to conclude that each of the three accidents contributed in equal part to claimant's disability (*Matter of Engle v Niagara Mohawk Power Corp.,* 6 NY2d 449, 454). The decision is supported by substantial evidence in the record, including the medical testimony of Dr. Forster, and we accordingly affirm. Decision affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.