■ In the Matter of the Claim of GLENN MILLER, Respondent, v CONGEL-PALENSCAR, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [653 NYS2d 713] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed March 14, 1994, which, *inter alia*, ruled that claimant sustained a causally related disability as the result of a work-related accident and awarded him workers' compensation benefits.

In 1972, claimant dislocated his left hip while sledding down a snow-covered hill on an inner tube. He underwent a total hip replacement in 1976. In February 1980, while working as a machine operator, claimant reinjured his hip when he slipped on oil on the floor and slammed his left hip against a machine. As a result of this accident, claimant's femoral prosthesis was loosened and he underwent surgery to replace it. He applied for and received workers' compensation benefits in connection with this injury.

In August 1989, while working for the employer as a construction worker, claimant reinjured his left hip. His femoral prosthesis again became loose and he underwent additional surgery to replace it. Claimant reapplied for workers' compensation benefits. After various hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant suffered a permanent partial disability, 40% of which was apportioned to his August 1989 accident, 10% of which was apportioned to his February 1980 accident and 50% of which was due to his non-work-related sledding accident. The WCLJ awarded him weekly benefits of $115.38. The employer's workers' compensation insurance carrier appealed the WCLJ's decision to the Workers' Compensation Board. The Board, *inter alia*, rescinded the WCLJ's apportionment and found that 100% of claimant's permanent partial disability was due to his August 1989 accident. The Board further awarded him benefits at the $150 maximum partial rate. The employer and its carrier (hereinafter collectively referred to as the employer) appeal the Board's decision.

The employer argues, *inter alia*, that the Board's decision to apportion 100% of claimant's disability to his August 1989 ac-

cident is not supported by substantial evidence. Based upon our review of the medical evidence adduced at the hearing, we agree. The Board's finding is contrary to the testimony of both of the doctors who testified on the issue of apportionment. Claimant's attending physician, David Murray, testified that in his medical opinion 50% of claimant's disability was due to work-related trauma and 50% was due to claimant's pre-existing condition resulting from the sledding accident. Murray did not give an opinion on apportionment between the February 1980 work-related accident and the August 1989 work-related accident. The carrier's physician, George Baker, opined that 10% of claimant's disability was due to his August 1989 accident and that the remaining 90% was due to the February 1980 accident and the non-work-related sledding accident. Baker did not give an opinion on the apportionment between the latter two events.

Inasmuch as there is a lack of record support for the Board's finding that apportionment is not warranted under the circumstances presented, this aspect of its decision must be reversed (*see, Matter of Doersam v Oswego County Dept. of Social Servs.*, 171 AD2d 934, *affd* 80 NY2d 775). While we reach a different conclusion with respect to the Board's application of the $150 maximum partial rate (*see,* Workers' Compensation Law § 15 [6] [a] [4]), the case must nevertheless be remitted to the Board for the purpose of applying this rate in accordance with the appropriate apportionment percentages to be determined upon further development of the record (*see, Matter of Ellert v Ellert Bros. & Sons*, 78 AD2d 744; *Matter of Burt v W. M. Girvan, Inc.*, 62 AD2d 1108; *Matter of Burch v General Elec. Co.*, 33 AD2d 613). In view of our disposition, we need not address the employer's other arguments.

Crew III, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as found that apportionment was not warranted; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision and, as so modified, affirmed.